UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PETER HICKS; HICKS, LLC; and WASATCH HICKS, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON; M&M RESIDUAL, LLC; and T&M RESIDUAL, LLC,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL RESPONSES TO REQUESTS FOR DOCUMENT PRODUCTION (DOC. NO. 42)**<br><br>Case No. 2:22-cv-00166<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs filed a short form discovery motion seeking to compel Defendants to produce documents responsive to Plaintiffs' requests for production ("RFPs").[1]  Plaintiffs asserted Defendants had refused to produce any responsive documents.[2]  Defendants opposed the motion, asserting they had produced some responsive documents and had raised valid objections to the RFPs for which documents were not produced.[3]  The court held a hearing on the motion on October 4, 2023.[4]  For the reasons explained below, the motion is granted in part and denied in part.

---

[1] (Pls.' Short Form Disc. Mot. to Compel Resps. to Req[s]. for Doc. Prod. ("Mot."), Doc. No. 42.)

[2] (*Id.* at 2–3.)

[3] (Defs.' Resp. to Short Form Disc. Mot. ("Resp."), Doc. No. 43.)

[4] (*See* Minute Entry, Doc. No. 61.)

RFPs 1 and 20

Plaintiffs clarified at the hearing that they do not dispute the adequacy of Defendants' responses to RFPs 1 and 20.  Therefore, the motion is denied as to these RFPs.

RFPs 2 through 10

RFPs 2 through 10 request documents relating to a nonparty entity, "Nikola."[5] Defendant Trevor Milton is the founder and former CEO of Nikola.[6]  In this action, Plaintiffs allege Mr. Milton made material misrepresentations regarding Nikola to induce Plaintiffs to sell real estate to Defendants in exchange for Nikola stock options.[7]

Defendants assert RFPs 2 through 10 seek documents belonging to Nikola, which should be obtained directly from Nikola through a subpoena.[8]  Defendants admit they received responsive documents from Nikola in other litigation, but they contend they cannot produce these documents to Plaintiffs without violating confidentiality orders and a confidentiality agreement with Nikola.[9]  Defendants indicate Nikola has demanded that Defendants provide Nikola with an opportunity to object and/or conduct a privilege review before producing

---

[5] Plaintiffs' discovery requests define "Nikola" as Nikola Motor Company, LLC, and Plaintiffs' motion indicates the allegations in this case relate to Nikola Motor Company.  (*See* Mot. 1, Doc. No. 42; Ex. A to Mot., Pl[s.'] First Set of Disc. Reqs. to Defs. 3, Doc. No. 42-1.)   However, Plaintiffs' complaint identifies the relevant entity as Nikola Corporation.  (*See, e.g.*, Compl. ¶ 1, Doc. No. 2.)  Defendants' response to the discovery motion also refers to the entity as Nikola Corporation.  (*See* Resp. 2, Doc. No. 43.)  Because neither party raised an issue regarding this discrepancy in the briefing on the motion or at the hearing, this order does not address it and refers to the entity simply as "Nikola."

[6] (*See* Compl. ¶ 2, Doc. No. 2.)

[7] (*See id.* ¶ 1.)

[8] (Resp. 2, Doc. No. 43.)

[9] (*Id.*)

Nikola's documents to Plaintiffs.[10]  Defendants also note that Plaintiffs issued a subpoena to Nikola and received at least a partial production in response.[11]

Rule 34 of the Federal Rules of Civil Procedure requires production of documents "in the responding party's possession, custody, or control."[12]  "[D]ocuments are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand."[13]  Defendants do not dispute they have possession, custody, or control of documents responsive to RFPs 2 through 10, and they have provided no authority supporting the proposition that a private confidentiality agreement with Nikola constitutes a valid basis to withhold responsive documents.  Defendants also have not identified any court order which would prevent production in this case.

Accordingly, the motion is granted as to RFPs 2 through 10, and Defendants are ordered to produce responsive documents in their possession, custody, or control to Plaintiffs.  If any documents are withheld based on privilege, Defendants must provide a privilege log. Defendants' deadline to produce these documents shall be thirty days from the date of this order, to allow Defendants to give Nikola any notice they believe is required under their confidentiality agreement.

RFPs 11 through 14

RFPs 11 through 14 seek documents and communications relating to other legal matters involving Mr. Milton, including a criminal case against him.  At the hearing, Plaintiffs noted one

---

[10] (*Id.*; *see also* Ex. A to Resp., Letter from G. Laufer (July 20, 2023), Doc. No. 43-1.)

[11] (Resp. 2, Doc. No. 43.)

[12] Fed. R. Civ. P. 34(a).

[13] *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007) (citation omitted).

of the criminal counts is based on the real estate transaction at issue in this case.  Defendants

argue these requests are overbroad and unduly burdensome because they lack appropriate

subject-matter limitations.[14]  At the hearing, Defendants argued these requests should be limited

to documents related to the transaction at issue in this case and the criminal count involving that

transaction.

     The motion is granted in part and denied in part as to RFPs 11 through 14.  These

requests are overbroad, as they encompass documents unrelated to the real estate transaction at

issue in this case.  However, with Defendants' proposed subject-matter limitation, the requests

are relevant to the claims and defenses in this case.[15]  Accordingly, Defendants are ordered to

produce only those documents responsive to RFPs 11 through 14 which relate to the real estate

transaction at issue in this case—including documents related to the criminal count which is

based on this transaction.  Defendants' deadline to produce these documents shall be fourteen

days from the date of this order.

     RFPs 15 through 19 and 22

     These RFPs seek documents related to Mr. Milton's finances and assets.  Defendants

argue these requests are overbroad and unduly burdensome in the absence of a claim for punitive

damages.[16]  Defendants rely on Utah Code section 78B-8-201(2)(a), which prohibits discovery

concerning a party's financial condition unless the party seeking such discovery establishes a

prima facie case that an award of punitive damages is reasonably likely.

---

[14] (Resp. 2, Doc. No. 43.)

[15] *See* Fed. R. Civ. P. 26(b)(1).

[16] (*See* Resp. 3, Doc. No. 43.)

Defendants' reliance on the Utah statute is unavailing.  Courts in this district have rejected nearly identical arguments, holding this state statute does not govern or limit discovery in federal court.[17]  Under the applicable federal rules, the requested discovery must be relevant to the parties' claims and defenses and proportional to the needs of the case.[18]

At the hearing, Plaintiffs agreed to limit certain requests and withdrew others, as follows:

- RFP 16 shall be limited to real estate in Utah.

- RFP 17 is withdrawn.

- RFP 18 shall be limited to bank statements reflecting any flow of funds related to the real estate transaction at issue in this case.

- RFP 19 shall be limited to brokerage accounts related to Nikola.

- RFP 22 shall be limited to attempts to sell real estate in Utah.

With these limitations, RFPs 16, 18, 19, and 22 are relevant to Plaintiffs' existing damages claims and proportional to the needs of the case.  Likewise, RFP 15 (requesting documents sufficient to identify all shares of Nikola that Defendants own or control) is relevant to damages and proportional.

Accordingly, the motion is granted as to RFP 15, denied as to RFP 17, and granted in part and denied in part as to RFPs 16, 18, 19, and 22.  Defendants must produce documents responsive to RFP 15 (without limitation) and RFPs 16, 18, 19, and 22 as limited above within fourteen days of the date of this order.

---

[17] *See, e.g.*, *Rosenthal v. Morris*, No. 2:17-cv-01196, 2019 U.S. Dist. LEXIS 11262, at *2–3 (D. Utah Jan. 23, 2019) (unpublished).

[18] *See* Fed. R. Civ. P. 26(b)(1).

RFP 21

RFP 21 seeks documents related to Wasatch Creek Ranch (the property at issue in this case), including documents related to "maintenance, development, sale and/or attempted sale" of the property.[19]  Defendants are withholding responsive documents from after the date Defendants purchased the property from Plaintiffs, asserting documents from this time period are not relevant.[20]  However, Plaintiffs have demonstrated discovery related to the value and disposition of the property after the disputed transaction is relevant to damages.  Therefore, the motion is granted as to RFP 21, and Defendants are ordered to produce responsive documents within fourteen days of the date of this order.

Privilege Claims

Defendants are withholding certain documents based on privilege but have not provided a privilege log.[21]  Defendants need not produce a privilege log for communications with their own attorneys after this case was filed.  But Defendants must produce a privilege log for any other documents withheld based on a claim of privilege—including communications with Nikola's legal department, and any documents withheld based on a claim of privilege by Nikola.[22]

Request for Attorney Fees

Plaintiffs' request for attorney fees incurred in bringing this motion is denied, where the motion is granted in part and denied in part and both parties' positions were substantially

---

[19] (Ex. A to Mot., Pl[s.'] First Set of Disc. Reqs. to Defs. 14, Doc. No. 42-1.)

[20] (*See* Ex. B to Mot., Defs.' Resps. to Pl[s.'] First Set of Reqs. for Admis., Interrogs., and Reqs. for Prod. of Docs. 27, Doc. No. 42-2.)

[21] (*See* Mot. 3, Doc. No. 42; Resp. 3, Doc. No. 43.)

[22] *See* Fed. R. Civ. P. 26(b)(5)(A).

justified.  Under these circumstances, apportionment requiring each party to bear their own fees is warranted under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiffs' discovery motion[23] is granted in part and denied in part, and the court ORDERS as follows:

1.  Defendants must produce documents responsive to RFPs 2 through 10 within thirty days.

2.  Defendants must produce documents responsive to RFPs 15 and 21 (without limitation) and RFPs 11 through 14, 16, 18, 19, and 22 as limited above within fourteen days.

3.  Defendants must provide a privilege log for documents withheld based on a claim of privilege, other than communications with their own attorneys after this case was filed.

DATED this 7th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] (Doc. No. 42.)