UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PETER HICKS; HICKS, LLC; and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON; M&M RESIDUAL, LLC; and T&M RESIDUAL, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' SHORT FORM DISCOVERY MOTION FOR IN CAMERA REVIEW OF COMMUNICATIONS BETWEEN PETER AND LUCAS HICKS (DOC. NO. 44)**<br><br>Case No. 2:22-cv-00166<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Defendants filed a short form discovery motion for in camera review of communications between Plaintiff Peter Hicks and his son Lucas Hicks (a nonparty) to assess Plaintiffs' claims of privilege.[1] The court held a hearing on the motion on October 4, 2023.[2] For the reasons explained below, the motion is denied without prejudice.

"Before ordering an *in camera* review, there must first be [a] sufficient evidentiary showing which creates a legitimate issue as to the application of the privilege asserted."[3] "[A] broad, sweeping assertion that all documents alleged to be privileged should be reviewed in

---

[1] (Defs.' Short Form Disc. Mot. for in Camera Review of Comm'cns Between Peter and Lucas Hicks ("Mot."), Doc. No. 44.)

[2] (*See* Minute Entry, Doc. No. 61.)

[3] *Byron-Amen v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02364, 2022 U.S. Dist. LEXIS 89648, at *8 (D. Colo. May 18, 2022) (unpublished) (internal quotation marks omitted) (alteration in original).

1

camera is insufficient to justify the review."[4] In camera review "may be useful if there is a genuine dispute between the parties as to the accuracy of the withholding party's description of certain documents."[5] But "[t]here is no basis for the [c]ourt to conduct an *in camera* review in situations wherein the privilege log at issue provides sufficient description of the documents withheld, the requesting party hasn't shown that the documents aren't privileged, and the underlying dispute comes down to whether the privileges apply."[6]

The communications at issue fall into two categories: (1) redacted emails produced by Plaintiffs without a privilege log,[7] and (2) emails and texts identified in a privilege log provided by Lucas Hicks, in response to a subpoena issued by Defendants.[8] After Defendants' motion was filed, Plaintiffs provided a privilege log listing the redacted emails and other documents.[9]

Defendants argue there are legitimate issues as to whether privilege applies because the withheld communications predate the lawsuit and because Lucas Hicks was not represented by

---

[4] *Id.* (citation omitted).

[5] *Deffenbaugh Indus. v. Unified Gov't of Wyandotte Cnty.*, No. 20-2204-JTM-KGG, 2021 U.S. Dist. LEXIS 79243, at *8 (D. Kan. Apr. 26, 2021) (unpublished) (citation omitted).

[6] *Id.* at *8–9 (internal quotation marks omitted).

[7] (*See* Ex. B to Mot., Redacted Emails, Doc. No. 46-2.)

[8] (*See* Ex. A to Mot., Lucas Hicks' Privilege Log, Doc. No. 46-1.) At the hearing, Defendants explained that although they requested the same categories of documents from Plaintiffs and Lucas Hicks, the redacted emails produced by Plaintiffs are different from the documents identified by Lucas Hicks in his privilege log. Defendants suggest this indicates neither Plaintiffs nor Lucas Hicks conducted an adequate search for responsive documents. But the instant motion merely seeks in camera review of redacted and withheld documents; it does not otherwise challenge the adequacy of responses to discovery requests or the subpoena. Therefore, such challenges are not properly before the court on this motion.

[9] (*See* Ex. C to Opp'n, Pls.' Privilege Log, Doc. No. 49-3.)

Plaintiffs' counsel.[10] Plaintiffs assert the communications at issue are privileged because they were communications "with or about counsel" regarding litigation strategy, and were made in anticipation of litigation regarding the disputed real estate transaction in this case.[11] Plaintiffs also assert Lucas Hicks co-owns Plaintiff Wasatch Hicks LLC with his father, Peter Hicks, and that he communicated with Peter Hicks and Plaintiffs' counsel in that capacity.[12]

As set forth below, Defendants have not shown in camera review is warranted at this juncture for either category of communications.

Documents Redacted or Withheld by Plaintiffs

At the time the motion was filed, Plaintiffs had not provided any privilege log for the redacted emails. Plaintiffs provided a privilege log with their opposition, but they contend the privilege log provides less information than the documents themselves.[13] Instead, Plaintiffs argue the unredacted portions of the emails are sufficient to show they are privileged.[14]

Plaintiffs' privilege log is wholly inadequate. Rule 26 of the Federal Rules of Civil Procedure requires a party withholding information based on privilege or work-product protection to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

---

[10] (*See* Mot. 2–3, Doc. No. 44.)

[11] (Opp'n to Defs.' Short Form Disc. Mot. for in Camera Review of Comm'cns Between Peter and Lucas Hicks ("Opp'n") 2–4, Doc. No. 49.)

[12] (*Id.* at 3.)

[13] (*Id.*)

[14] (*Id.*)

claim."[15] Plaintiffs' privilege log fails to identify the privilege claimed (e.g., attorney-client privilege), and the descriptions of the documents are insufficient to enable assessment of any privilege claim. For example, the majority of the descriptions are variations of "[d]iscussion regarding sale of property," or "discussion regarding Option."[16] It is impossible to determine from these descriptions whether the communications involved the provision of legal advice.[17] The unredacted portions of the emails are no better; they only show the senders, recipients, and dates.[18] This information is inadequate to enable Defendants (or the court) to assess the privilege claim.

The inadequacy of Plaintiffs' privilege log does not necessarily justify in camera review, however. If Plaintiffs provide a revised log which complies with the requirements of Rule 26 and enables Defendants to assess the privilege claim, the parties may be able to resolve this dispute as to some or all of the withheld documents. Even if a dispute remains, an adequate privilege log may enable to the court to rule on Plaintiffs' privilege claim based on the log itself rather than a review of every document. Therefore, rather than performing a premature review of all withheld documents, the court will permit Plaintiffs to revise their privilege log.

---

[15] Fed. R. Civ. P. 26(b)(5)(A).

[16] (Ex. C to Opp'n, Pls.' Privilege Log, Doc. No. 49-3.)

[17] In the Tenth Circuit, "attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted). Similarly, under Utah law, a party claiming attorney-client privilege must establish: "(1) an attorney-client relationship, (2) the transfer of confidential information, and (3) the purpose of the transfer was to obtain legal advice." *S. Utah Wilderness All. v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 2008 UT 88, ¶ 33, 200 P.3d 643, 655.

[18] (*See* Ex. B to Mot., Redacted Emails, Doc. No. 46-2.)

Accordingly, Defendants' motion is denied without prejudice as to the redacted emails and other documents listed on Plaintiffs' privilege log. Plaintiffs are ordered to provide a revised privilege log within fourteen days. If a dispute remains after Plaintiffs provide a revised log, Defendants may file a new motion.

Documents Withheld by Lucas Hicks

Defendants' motion for in camera review is also denied as to the documents withheld by Lucas Hicks. Defendants argue this dispute is properly before this court because Lucas Hicks' privilege log asserts privilege belonging to Plaintiffs. But subpoenas to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a motion to enforce a subpoena to be brought in the district where compliance is required.[19] In this instance, the parties agree the place of compliance is in New York; indeed, Defendants previously brought a motion to compel against Lucas Hicks in a New York federal district court which resulted in production of the privilege log.[20] Thus, to the extent Defendants seek to compel Lucas Hicks to produce the withheld documents for in camera review, this motion must be brought in the applicable New York district in the first instance.[21]

Defendants also appear to argue *Plaintiffs* should be required to produce documents withheld by Lucas Hicks to the court for in camera review. Defendants assert these documents are in Plaintiffs' possession because Lucas Hicks provided them to Plaintiffs' counsel for a privilege review before responding to the subpoena. But Plaintiffs are under no obligation to

---

[19] *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

[20] (*See* Opp'n 2, Doc. No. 49.)

[21] The court where compliance is required may elect to transfer a subpoena-related motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

5

produce documents in response to a third-party subpoena. If, instead, Defendants contend Plaintiffs have failed to produce documents in their possession which are responsive to a discovery request made *to Plaintiffs*, Defendants may bring a motion to compel production, identifying the applicable discovery request. But where Defendants have not moved to compel production of these documents by Plaintiffs, a motion for in camera review is premature.

## CONCLUSION

Defendants' motion for in camera review[22] is denied without prejudice. Plaintiffs are ordered to provide a revised privilege log within fourteen days for any documents Plaintiffs are redacting or withholding based on a claim of privilege. If a dispute remains after Plaintiffs provide a revised log, Defendants may file a new motion.

DATED this 7th day of November, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[22] (Doc. No. 44.)

6