UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PETER HICKS; HICKS, LLC; and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON; M&M RESIDUAL, LLC; and T&M RESIDUAL, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**<br>**(DOC. NO. 55)**<br><br>Case No. 2:22-cv-00166<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs filed a motion for entry of an amended protective order, seeking to remove a provision of the District of Utah's Standard Protective Order which permits trial counsel to retain an archive copy of documents designated confidential or "attorneys' eyes only."[1] Defendants oppose the motion.[2] The court held a hearing on the motion on October 4, 2023.[3] For the reasons explained below, the motion is denied.

Rule 26(c) of the Federal Rules of Civil Procedure provides the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The District of Utah has adopted a Standard Protective Order which applies "in every case involving the disclosure of any information designated as confidential,

---

[1] (Mot. for Entry of Am. Protective Order ("Mot."), Doc. No. 55.)

[2] (Defs.' Resp. to Mot for Entry of Am. Protective Order ("Resp."), Doc. No. 56.)

[3] (*See* Minute Entry, Doc. No. 61.)

1

unless the court orders otherwise."[4] However, a party may file a motion seeking relief from the Standard Protective Order.[5] As relevant here, paragraph 13(a) of the Standard Protective Order requires all persons subject to it to destroy or return to the producing party all documents designated as confidential or "attorneys' eyes only" at the conclusion of the action (including all appeals), and to certify to the producing party such destruction or return.[6] But paragraph 13(b) contains the following exception to this requirement:

> After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.[7]

In this case, Plaintiffs claim Defendants made misrepresentations regarding an entity known as "Nikola" to induce Plaintiffs to sell real estate to Defendants in exchange for Nikola stock options.[8] Plaintiffs issued a subpoena to Nikola which Plaintiffs describe as seeking "documents that, in broad strokes, demonstrate or undermine the Defendants' representations about the technologies and value of Nikola."[9] Plaintiffs represent these documents potentially

---

[4] DUCivR 26-2(a).

[5] DUCivR 26-2(c).

[6] Standard Protective Order ¶ 13(a), https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf.

[7] *Id.* ¶ 13(b).

[8] (*See* Compl. ¶ 1, Doc. No. 2.) Plaintiffs' motion indicates the allegations in this case relate to Nikola Motor Company. (*See* Mot. 2, Doc. No. 55.) However, Plaintiffs' complaint identifies the relevant entity as Nikola Corporation. (*See, e.g.*, Compl. ¶ 1, Doc. No. 2.) Because neither party raised an issue regarding this discrepancy in the briefing on the motion or at the hearing, this order does not address it and refers to the entity simply as "Nikola."

[9] (Reply in Supp. of Mot. for Entry of Am. Protective Order ("Reply") 3, Doc. No. 59.) Plaintiffs did not file a copy of the subpoena.

contain highly confidential business and technological information which has value to Nikola's competitors.[10] According to Plaintiffs, Nikola expressed concern about producing certain confidential documents and communications under the governing Standard Protective Order.[11] Nikola "would like to retrieve or have certification of destruction of those confidential documents and communications after the conclusion of this action" (including appeals), and it proposed removing paragraph 13(b) of the Standard Protective Order, the provision permitting trial counsel to retain an archive copy.[12] Plaintiffs are amenable to this proposal and seek entry of an amended protective order without paragraph 13(b).[13]

In their opposition, Defendants argue permitting counsel to retain archival copies of all case documents serves several important purposes. Defendants contend that without such copies, counsel would be severely limited in ensuring compliance with ongoing obligations of confidentiality and in defending themselves against allegations of breach of these obligations.[14] Defendants also argue this provision facilitates compliance with the Utah Rules of Professional Conduct, which require attorneys to keep client files for at least five years.[15] Finally, Defendants argue retention of a complete archival record is important for loss prevention and insurance purposes, to allow counsel to defend against malpractice claims.[16]

---

[10] (*Id.*)

[11] (Mot. 2, Doc. No. 55.)

[12] (*Id.* at 2–3.)

[13] (*Id.*)

[14] (Resp. 2, Doc. No. 56.)

[15] (*Id.* (citing Utah R. Prof. Conduct 1.15(a).)

[16] (*See id.*)

3

Plaintiffs have not demonstrated good cause to remove paragraph 13(b) of the Standard Protective Order. Plaintiffs' asserted reason for seeking this amendment is because a third party has requested it and is refusing to produce documents responsive to a subpoena unless the provision is removed. But Plaintiffs have not established removal of paragraph 13(b) is necessary to protect Nikola's confidential information. The "attorneys' eyes only" designation under the Standard Protective Order applies to the following categories of information:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, [and] (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning.[17]

Thus, the Standard Protective Order is designed to protect precisely the type of information Plaintiffs assert may be included in Nikola's responsive documents. Plaintiffs have not explained why a departure from the ordinary provisions of the Standard Protective Order is warranted in this case, where such provisions are generally deemed sufficient to protect confidential business and technological information. The mere fact that Nikola has refused to comply with the subpoena without an amendment is insufficient; Plaintiffs may address such noncompliance by bringing a motion to compel against Nikola.[18]

---

[17] Standard Protective Order ¶ 2(b), https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf.

[18] *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

Accordingly, Plaintiffs' motion to entry of an amended protective order is denied.

DATED this 7th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge
