# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO LUCAS HICKS | **Misc. Action No. ____________________** |
| PETER HICKS, HICKS, LLC and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON, M&M RESIDUAL, LLC and T&M RESIDUAL, LLC,<br><br>Defendants. | Pending in:<br>Case No. 2:22-cv-00166 (HCN) (D. Utah) |

**MOTION TO COMPEL COMPLIANCE WITH**
**SUBPOENA DIRECTED TO LUCAS HICKS**

Pursuant to Federal Rules of Civil Procedure 37(a)(2) and 45(d)(2)(B)(i), Defendants Trevor R. Milton, M&M Residual, LLC, and T&M Residual, LLC ("Movants" or "Defendants") move the Court to compel non-party Lucas Hicks to comply with the May 15, 2023 Subpoena Duces Tecum directed to him (the "Subpoena"), a copy of which is attached as **Exhibit A** to the Declaration of Carl W. Mills in Support of Motion to Compel Compliance with Subpoena Directed to Lucas Hicks ("Mills Decl."), and to enter an order requiring Lucas Hicks to produce and allow inspection of the records requested in the Subpoena within two weeks of the Court's order.

**STATEMENT OF FACTS RELEVANT TO SUBPOENA**

1. The underlying lawsuit styled as *Peter Hicks, Hicks, LLC and Wasatch Hicks, LLC v. Trevor R. Milton, M&M Residual, LLC and T&M Residual, LLC* is pending in the United States District Court for the District of Utah, Central Division, Case No. 2:22-cv-00166 (HCN), before the honorable Judge Howard C. Nielson, Jr. (the "Underlying Lawsuit"). (Mills Decl. ¶ 4.)

2. The Plaintiffs' core factual allegation in the Underling Lawsuit is that they sold 4678 acres of ranch property in Utah to Mr. Milton in exchange for $8,500,000 and an Option Agreement to purchase 515,095 shares of the stock of Nikola Corporation at a strike price of $16.50. *See* Complaint, Underlying Lawsuit Dkt. 2, ¶¶ 183-184, 188. Plaintiffs allege that, when they closed the transaction on August 14, 2020, the options were worth in excess of $15 million, *id.*, ¶ 188, but that the stock price plummeted less than a month later when Hindenburg Research (a financial research firm that had taken a short position in Nikola) published a report about Nikola and Mr. Milton resigned from the company. *Id.*, ¶¶ 172, 190.

3. Plaintiffs have alleged claims against Defendants for violations of federal and Utah securities laws, as well as common-law fraud, primarily arising from statements that were allegedly made by Mr. Milton to Peter Hicks during a phone call on April 10, 2020. Specifically, Plaintiffs allege in paragraphs 178-179 of their Complaint:

> ¶ 178. During the April 10, 2020 call, which lasted for more than an hour and included [Trevor] Milton, Peter Hicks **and his son Lucas Hicks**, Milton discussed at length his own background and the background and current business and operations of Nikola. This discussion was critical because Hicks was not familiar with either Milton or Nikola, and a substantial component of the proposed purchase price for the Wasatch Creeks Ranch was an option to purchase shares of Nikola held or controlled by Milton.

¶ 179. During this April 2020 conversation, Milton reiterated many of the false statements described above. Among other misrepresentations, Milton stated the following:

(a) Nikola trucks would be in the market in less than fourteen months and commercial production would begin in 2021;

(b) Nikola has confirmed orders for trucks up to its production capacity;

(c) Nikola has billions and billions of dollars of committed orders and Nikola could convert 80% of those orders to "hard" orders. Nikola only had not done so because of concerns about the ability to produce that many trucks within the timeframe of those orders once they became "hard" orders.

(d) The Nikola One truck was a fully functioning truck that had many completed and functioning attributes that outperformed diesel trucks;

(e) Nikola was already producing and pumping hydrogen at the largest hydrogen station in the western hemisphere;

(f) Nikola was gobbling up and cornering the hydrogen facilities market and locations between Arizona and California, and locations would be almost impossible for competitors to get.

(g) Nikola already had contracts to purchase inexpensive hydrogen, and the profit model of the company includes its hydrogen energy and leasing model, through Nikola's existing fueling station network on major trucking routes;

(h) The Badger truck was developed with almost exclusively Nikola proprietary technology, and was a functioning truck with exceptional range.

(i) Nikola had developed game changing battery technology that would revolutionize the electric vehicle market. Nikola's battery beats other battery technology in every metric, in every situation, and its half the cost and its double the range.

(j) Nikola has developed virtually all of its key technologies in-house, including batteries, inverters, software, controls and infotainment.

(k) The Cost to own Nikola trucks was ridiculously lower than its competitors.

(l) Milton had started, built and sold many successful businesses, and that many investors had made huge amounts of money on these prior businesses.

*Id.* ¶¶ 178-179 (emphasis added).

4. Peter Hicks testified at trial in the matter of *United States v. Milton* that his son Lucas Hicks recorded the April 10, 2020 phone call and provided a copy of part of the recording to the government. The partial recording of the call was played during the trial:

Q: And that phone call was recorded, right?

A: Part of it.

Q: Yes, we'll get to that. Part of that phone call was recorded by Lucas Hicks, right?

A: Correct

Q: On his phone, yes?

A: Correct.

Q: And he provided that recording to the government, correct?

A: Correct.

(Mils Decl. Ex. B (*Unites States v. Milton*, No. 21-CR- 478 (ER) (S.D.N.Y.) (hereafter "*United States v. Milton"*) Trial Transcript, Sept. 29, 2022, at 2157-2158).)

5. Defendants believe the recording previously provided to the government may have been incomplete or inaccurate.

6. Discovery in the Underlying Lawsuit has also indicated that Lucas Hicks communicated in writing with his father Peter Hicks regarding Nikola and its stock, including

investment analysis of the sale of the ranch property, both before and after Plaintiffs entered into the transaction with Mr. Milton.

7. The Subpoena is narrowly tailored in asking Lucas Hicks to produce copies or allow inspection of four categories of documents which are known to exist and to be in Lucas Hicks' possession and control, and which are directly relevant to the April 10, 2020 phone call, and to Peter Hicks' allegation that he reasonably relied on statements made by Mr. Milton during that call in connection with the sale of Wasatch Creeks Ranch.

> **Request No. 1**: Produce all documents and communications that refer or relate to the April 10, 2020 phone call referred to in paragraphs 177-179 of Plaintiffs' Complaint, which alleges that you participated in that phone call. Include any recordings, notes, communications, or other evidence of the substance of the phone call. Include copies of the document(s) in their native format with all metadata intact.
>
> **Request No. 2**: For any recordings of the April 10, 2020 phone call, make available for inspection, examination, and copying any device(s) that the recording and associated files and metadata were originally created on; and any device(s) that the recording and associated files and metadata have been stored on since its creation.
>
> **Request No. 3**: Produce all documents and communications that refer or relate to any discussion about or analysis of Nikola or its stock.
>
> **Request No. 4**: Produce all documents and communications, including all documents and communications sent, received, or exchanged between you and any government officials, that refer or relate in any way to Trevor Milton, Nikola, or the sale of the Wasatch Creeks Ranch.[1]

(*See* Mills Decl. Ex. A.)

---

[1] The Subpoena specifically defines the word "you" as used in all requests to include Lucas Hicks personally and all representatives acting on his behalf. This includes Mr. Hicks' attorneys and other representatives who are known to have communicated with government officials on Lucas Hicks' behalf. (*See* Mills Decl. Ex. A, p. 9.)

8. On May 15, 2023, Defendants emailed a copy of the Subpoena to Lucas Hicks' attorney Edward B. Diskant and requested that he accept service of it on behalf of Mr. Hicks. On May 18, 2023, Mr. Diskant responded by letter confirming acceptance of service. (*See* Mills Decl. Ex. C (May 18, 2023 Letter from Edward Diskant).)

9. On June 5, 2023, Mr. Diskant provided a letter with written objections to the Subpoena and a limited production of documents. Surprisingly, Lucas Hicks has asserted the Fifth Amendment privilege against incriminating his own criminal conduct. A copy of the letter is attached as Exhibit D to the Mills Declaration.

10. Based on a May 30, 2023 meet and confer phone call with Mr. Diskant, Defendants understand that Lucas Hicks has not looked, and will not look, for or produce additional documents that may be responsive to the Subpoena beyond what he already produced in response to a different subpoena that was served on him in *United States v. Milton.* (Mills Decl. ¶ 8.)

11. Lucas Hicks has refused to produce the recording of the April 10, 2020 call and documents relating to it based on the objections stated in the letter. (*See* Mills Decl. Ex. D.)

12. Lucas Hicks has withheld allegedly privileged documents responsive to the Subpoena on the basis of Fifth Amendment, attorney-client, and work-product privileges, but he did not produce a privilege log or describe the documents sufficiently to enable Defendants to assess the claim. (*See* Mills Decl. Ex. D.)

13. Lucas Hicks did not produce any text messages between himself and Peter Hicks, as requested in the Subpoena. (Mills Decl. ¶ 10.)

14. Lucas Hicks asserts that the limited document production he provided in response to the Subpoena is "substantially all of the substantive material in Mr. Hicks' possession that is

responsive to Requests 3 and 4 of the Subpoena and does not require Mr. Hicks to invoke his right against self-incrimination." (*See* Mills Decl. Ex. D.) However, this document production does not include responsive documents that are in Mr. Hicks' *control* (*i.e.*, communications between Mr. Hicks' attorneys and the government as requested in Request No. 4); it does not include responsive documents that Mr. Hicks refuses to identify or describe; and it does not even include *all* of the documents that Mr. Hicks provided in response to the subpoena that was issued to him in *United States v. Milton.* Further, Mr. Hicks' assertion that his production is substantially all of the responsive material to Requests 3 and 4 is belied by his position that he will not look for or produce anything that he did not already produce in *United States v. Milton*.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to command, via subpoena, the production of documents that are in the "possession, custody, or control" of a non-party. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The concept of 'control' has been construed broadly." *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 333 F.R.D. 60, 64 (S.D.N.Y. 2019) (citing *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006). "Indeed, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to action." *Id.* (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 146-147 (S.D.N.Y. 1997). "[A] party has control over material that it has a legal right to obtain." *Id.* (citing *SEC v. Strauss,* 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009).

"When a party subject to a subpoena objects to the subpoena, Rule 45(d)(2)(B)(i) provides that '[a]t any time, on notice to the commanded person, the serving party *may move the court for the district where compliance is required* for an order compelling production or inspection. *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 CIV. 6512 (KPF), 2021 WL 411379, at *3 (S.D.N.Y. Feb. 5, 2021) (emphasis in original) (citing Fed. R. Civ. P. 45(d)(2)(B)(i)); *see also* Fed. R. Civ. P. 37(a)(2) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery… A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.")

"The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, No. 08CV07253GBDKHP, 2023 WL 3033694, at *2 (S.D.N.Y. Apr. 21, 2023) (citations omitted). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.* (citing *Blake Marine Grp., LLC v. Frenkel & Co.*, 2019 WL 1723567, at *1 (S.D.N.Y. Apr. 18, 2019)).

## ARGUMENT

### I. THE COURT SHOULD COMPEL LUCAS HICKS TO FULLY COMPLY WITH THE SUBPOENA.

#### A. The Subpoena Seeks Information that is Relevant and Proportional to the Needs of the Underlying Lawsuit.

Rule 26(b)(1) provides that the discovery is permitted as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

P. 26(b)(1). "Relevance under Rule 26 is construed 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear upon, any issue that is or may be in the case." *In re Rapid-Am. Corp.*, No. 13-10687 (SMB), 2018 WL 882398, at *4 (Bankr. S.D.N.Y. Feb. 12, 2018) (citing *Evans v. Calise,* No. 92 CIV 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)).

As described in the Statement of Facts above, the information requested in the Subpoena is directly relevant to the central issue in the Underlying Lawsuit—the Plaintiffs' alleged reliance upon statements that Mr. Milton allegedly made during a phone call on April 10, 2020 that Lucas Hicks recorded. Defendants' request for this information clearly satisfies the proportionality requirements of Rule 26, especially where Plaintiffs are seeking more than $45 million in damages. Lucas Hicks has not argued that the Subpoena seeks information that is irrelevant or disproportional. (*See* Mills Decl. Ex. D.) The Court should therefore find that Defendants have satisfied their initial burden of proving that the information sought in the Subpoena is relevant and proportional to the needs of the Underlying Lawsuit.

**B. <u>Mr. Hicks' Objections to the Subpoena are Untimely and Waived.</u>**

"A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. **The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served**." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). "The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such

objections." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) (citing various cases).

The Subpoena was served on Lucas Hicks on May 18, 2023, when his attorney confirmed acceptance of service. (*See* Mills Decl. Ex. C.) Lucas Hicks' first and only service of written objections to the Subpoena occurred on June 5, 2023, **18 days** after service of the Subpoena. (*See* Mills Decl. Ex. D.) The Court should therefore rule that Lucas Hicks has waived all objections to the Subpoena by failing to serve written objections within the 14 days required under Rule 45(d)(2)(B),[2] and order Mr. Hicks to fully respond to the Subpoena.

C. **Alternatively, The Court Should Overrule Mr. Hicks' Objections to the Subpoena.**

If the Court finds that Mr. Hicks has not waived his objections to the Subpoena despite failing to serve timely objections in compliance with Fed. R. Civ. P. 45(d)(2)(B), it should overrule Mr. Hicks' objections on their merits and order him to produce all documents requested in the Subpoena, including *all* the documents that he produced in response to a different subpoena in *United States v. Milton*; all additional documents requested in the Subpoena that were not requested in *United States v. Milton*, and all responsive documents in Mr. Hicks' control, which would include documents in the possession of his attorneys and other representatives.

**1. Mr. Hicks did not Comply with Rule 45 in Asserting Privilege.**

Rule 45 requires "[a] person withholding subpoenaed information under a claim that is it privileged," to "expressly make the claim," and "describe the nature of the withheld documents,

[2] Admittedly, the Second Circuit has held that the Court has discretion to find that Mr. Hicks's failure to timely serve written objections to the Subpoena does not constitute a waiver of his right to invoke *constitutional* privileges, such as the Fifth Amendment. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). If the Court so finds in this case, Movants' respectfully request that it specify that all objections to the Subpoena that are **not** based on constitutional privilege have been waived.

communications, or tangible things in a manner that, without revealing the information itself privileged or protected, will enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A).

Mr. Hicks vaguely asserts that he is either withholding responsive documents or has redacted information in his limited document production based on the Fifth Amendment, attorney-client, and work-product privileges. (*See* Mills Decl. Ex. D.) Mr. Hicks did not provide a privilege log or otherwise provide any information required under Rule 45 that would enable Defendants to assess the claim. From reading his objection letter (Mills Decl. Ex. D), it is impossible to tell what documents Mr. Hicks is withholding; which privilege he is claiming to justify withholding it; and what the basis for the privilege is.

Further, in Mr. Hicks' limited production of documents, he has redacted large portions of emails between himself and his father Peter Hicks, again asserting privileges and the Fifth Amendment for doing so. There is no legitimate privilege that would apply to these communications. Likewise, there is no legitimate privilege that would apply to other categories of information requested in the Subpoena that Mr. Hicks has refused to produce, such as communications between his attorneys and the government which are in his control, and the recording of the April 10, 2020 call that he produced to the government in *United States v. Milton*.

The Court should therefore overrule Mr. Hicks's privilege-based objections based on his failure to comply with Rule 45, or at the very least enter an order requiring Mr. Hicks to provide a privilege log that identifies the specific documents over which he is claiming privilege; the specific privilege claimed; and enough information to enable Defendants to assess the basis for the claimed privilege.

**2. The Fifth Amendment Does Not Apply to Materials Requested in the Subpoena.**

"The Fifth Amendment protects a person from being 'compelled in any criminal case to be a witness against himself.'" *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) (citing U.S. Const. amend. V.). "Although the amendment refers to criminal cases, '[i]t can be asserted in any proceeding, civil or criminal, ... against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.'" *Id.* (citing *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972)). "Because the Fifth Amendment 'protects a person only against being incriminated by his own compelled *testimonial* communications,' *Fisher v. United States*, 425 U.S. 391, 409 (1976) (emphasis added), it does not obviously apply to production of documents." *Id.* "However, '[a]lthough the contents of a document may not be privileged, the act of producing the document may be.'" *Id.* (citing *United States v. Doe,* 465 U.S. 605, 612 (1984)). "Document production pursuant to a subpoena 'tacitly concedes the existence of the papers demanded and their possession or control' by the person producing the documents, and thus 'has communicative aspects of its own.'" *Id.* (citing *Fisher*, 425 U.S. at 410).

However, the "Supreme Court has held that the Fifth Amendment privilege cannot be invoked when '[t]he existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." *United States v. Fridman*, 337 F. Supp. 3d 259, 265 (S.D.N.Y. 2018), *aff'd,* 974 F.3d 163 (2d Cir. 2020) (citing *Fisher*, 425 U.S. at 411). "In order for the foregone conclusion doctrine to apply, the United States must 'demonstrate with reasonable particularity that it knows of the existence and location of subpoenaed documents." *Id.* (citing *In re Grand Jury*

*Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993). "To satisfy this standard, 'the Government need not demonstrate perfect knowledge of each specific responsive document covered by the Summons,' but it 'must know, and not merely infer, that the sought documents exist, that they are under the control of defendant, and that they are authentic." *Id.* (citing *United States v. Greenfield,* 831 F.3d 106, 116-117 (2nd Cir. 2016)).

Here, Lucas Hicks apparently intends to assert the Fifth Amendment in response to any request for information regarding his recording of the April 10, 2020 phone call. Mr. Hicks cannot do so, however, because it is a foregone conclusion that he recorded the call. Lucas's father, Peter Hicks, testified under oath at trial in *United States v. Milton* that he participated in the April 10, 2020 phone call, that Lucas recorded the call on his phone, and that Lucas provided a partial recording of the call to the government. (*See* Mills Decl. Ex. B.) Thus, Defendants already know and can independently prove that the recording exists, that it is under Lucas Hicks's control, and that it is purportedly authentic. Lucas Hicks's production of the recording and requested documents in response to the Subpoena adds little or nothing to the Defendants' knowledge that the recording exists. The Court should therefore overrule Mr. Hicks's purported assertion of Fifth Amendment privilege and require him to comply with the requests for information as stated in the Subpoena.

**3. The Subpoena is Neither Overbroad nor Unduly Burdensome.**

Mr. Hicks asserts that the Subpoena is overbroad and unduly burdensome because he already responded to a different subpoena in *United States v. Milton*, and because Defendants could obtain some of the requested information from parties to the Underlying Lawsuit. (*See* Mills Decl. Ex. D.) Neither of these arguments are persuasive.

Mr. Hicks's objection that Defendants could obtain the requested information from parties to the Underlying Lawsuit is not well-taken. The Subpoena largely requests production of information that is uniquely in the possession and control of Lucas Hicks, including the recording he took of the April 10, 2020 phone call, documents related to it, and his communications with the government. *See* SOF ¶ 7 above. The only category of documents requested in the Subpoena that Defendants could potentially obtain from Peter Hicks would be copies of texts and emails between Peter and Lucas. However, it is reasonable for Defendants to request that Lucas Hicks produce his own copies of these documents to ensure a complete production and to guard against the loss or destruction of Peter Hicks's copies of these documents.[3]

Further, the Subpoena requests information that was not requested in *United States v. Milton*. It is easier and less expensive for Mr. Hicks to gather and produce that additional scope of information than it would have been if Mr. Hicks had never responded to the other subpoena. Mr. Hicks has not made any effort to articulate why it would be an undue burden for him to do so.

Finally, the fact that Mr. Hicks has already responded to a different subpoena in *United States v. Milton* severely undercuts his argument regarding undue burden. To the extent there is

[3] *See, e.g.*, *Coffeyville Res. Ref & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 4:08MC00017 JLH, 2008 WL 4853620, at *2 (D. Ark. Nov. 6, 2008) (unpublished) ("However, there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party. In many cases, it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them; and in many cases when a party obtains what should be the same set of documents from two different sources a critical fact in the litigation turns out to be that one set omitted a document that was in the other set. Although there may be some instances in which it is appropriate for a court to prohibit a party from seeking duplicative documents, no such absolute rule is imposed by the Federal Rules of Civil Procedure."); *Amphenol Corp. v. Fractus*, S.A., No. 19 MISC. 160, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (declining to quash subpoena even where the request was potentially duplicative) (unpublished); *Brennan v. Mylan Inc.,* No. 6:22-MC-06015, 2023 WL 2445344, at *3 (W.D.N.Y. Mar. 10, 2023) (unpublished) (same).

any overlap between the information requested in the two subpoenas, there is little, if any, burden for Mr. Hicks to re-produce to Defendants what he already produced because he has already done the work to gather and package those documents for production. It is reasonable for Defendants to request that Mr. Hicks re-produce all of those materials to them in the Underlying Lawsuit because Mr. Hicks's production in *United States v. Milton* is subject to a protective order that prohibits Defendants from using the information outside of that case. *See United States v. Milton*, Dkt. No. 14.

**CONCLUSION**

For the reasons set forth above, the Court should enter an order requiring Lucas Hicks to produce and allow inspection of all the records requested in the Subpoena within two weeks of the Court's order.

DATED: June 12, 2023

HUGHES HUBBARD & REED

By: *__/s/ Terence Healy__*
Terence Healy
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6338
Email: terance.healy@hugheshubbard.com

*Counsel for Defendants/Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 12, 2023, a copy of the foregoing MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO LUCAS HICKS was served by email to the following:

Edward B. Diskant
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852
ediskant@mwe.com

*Attorneys for Non-Party Lucas Hicks*

*/s/ Terence Healy*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO LUCAS HICKS | **Misc. Action No. ____________________** |
| PETER HICKS, HICKS, LLC and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TREVOR R. MILTON, M&M RESIDUAL, LLC and T&M RESIDUAL, LLC,<br><br>Defendants. | Pending in:<br>Case No. 2:22-cv-00166 (HCN) (D. Utah) |

**DECLARATION OF CARL W. MILLS IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO LUCAS HICKS**

1. I am an attorney duly admitted to practice law in the State of New York and I am counsel at the law firm Hughes Hubbard & Reed LLP, which represents the Defendants in the Underlying Proceeding/Movants in this action.

2. I have personal knowledge of the matters stated herein. If called as a witness, I could, and would, competently testify to the matters stated herein.

3. I submit this declaration in Support of the Movant's Motion to Compel Compliance with Subpoena Directed to Lucas Hicks.

4. The underlying lawsuit styled *Peter Hicks, Hicks, LLC and Wasatch Hicks, LLC v. Trevor R. Milton, M&M Residual, LLC and T&M Residual, LLC* is pending in the United States

District Court for the District of Utah, Central Division, Case No. 2:22-cv-00166 (HCN), before the honorable Judge Howard C. Nielson, Jr. (the "Underlying Lawsuit").

5. Attached as Exhibit A hereto is a true and correct copy of the Subpoena served on Lucas Hicks on May 18, 2023.

6. Attached as Exhibit B hereto are true and correct copies of relevant pages from the September 29, 2022 transcript from the trial in *Unites States v. Milton*, No. 21-CR- 478 (ER) (S.D.N.Y.).

7. Attached as Exhibit C hereto is a true and correct copy of a May 18, 2023 letter from Edward Diskant to counsel for the Defendants accepting service of the Subpoena.

8. Based on a May 30, 2023 meet and confer phone call with Mr. Diskant, Defendants understand that Lucas Hicks has not, and will not look for or produce additional documents that may be responsive to the Subpoena beyond what he already produced in response to a different subpoena that was served on him in *United States v. Milton.*

9. Attached as Exhibit D hereto is a true and correct copy of a June 5, 2023 letter from Edward Diskant to counsel for the Defendants objecting to the Subpoena.

10. Lucas Hicks did not produce any text messages between himself and Peter Hicks, as requested in the Subpoena.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in New York, New York on June 12, 2023.

*/s/ Carl W. Mills*
Carl W. Mills

# Exhibit A

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | | |
|---|---|---|
| PETER HICKS, HICKS, LLC, and WASATCH HICKS, LLC<br>*Plaintiff*<br>v.<br>TREVOR R. MILTON, M&M RESIDUAL, LLC, and T&M RESIDUAL, LLC<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:22-cv-00166 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lucas Hicks, c/o Edward B. Diskant, One Vanderbilt Ave, New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Hughes Hubbard & Reed c/o Terence Healy<br>One Battery Park Plaza<br>New York, NY. 10004-1482 | Date and Time: 6/5/2023 5:00 pm |
|---|---|

☒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Hughes Hubbard & Reed c/o Terence Healy<br>One Battery Park Plaza<br>New York, NY. 10004-1482 | Date and Time: 6/5/2023 5:00 pm |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2023

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Brent O. Hatch
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Trevor R. Milton, M&M Residual, LLC, and T&M Residual, LLC , who issues or requests this subpoena, are:
Brent O. Hatch, 22 East 100 South, Suite 400, Salt Lake City, UT 84111, hatch@hatchpc.com, (801) 869-1919

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00166

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________

____________________________________________________________________________

__________________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ___________________________________________

____________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ ______________ .

I declare under penalty of perjury that this information is true.

Date: ______________ ____________________________________________

*Server's signature*

____________________________________________

*Printed name and title*

____________________________________________

*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DUCivR 37-1 DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE**

**(a) Discovery Disputes.**

(1) The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and;

(B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2) If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3) If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4) The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the

names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also email chambers a proposed order setting forth the relief requested in a word processing format.

(5) The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)




(6) The opposing party must file its response 5 business days[5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.

(7) To resolve the dispute, the court may:

(A) decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B) set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

---

[5] This provision is not subject to the addition of three (3) days provided by Fed. R. Civ. P. 6(d).

(C) request further briefing and set a briefing schedule.

(8) If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9) A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure.

(10) If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Fed. R. Civ. P. 30(d)(3), the parties to the deposition must call the assigned judge and not wait to file a Short Form Discovery Motion.

(11) Any objection to a magistrate judge's order must be made according to Fed. R. Civ. P. 72(a), but must be made within 14 days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

## ATTACHMENT A

## DEFINITIONS

1. The term "document" or "documents" as used herein means, any kind of handwritten, typewritten, printed, electronic, or recorded material of any nature whatsoever, including, without limitation, the original, or absent any original, a copy of: contracts, agreements, and exhibits, attachments, addenda, amendments, or modifications thereto; memoranda; notes; inter- and intra-office communications; correspondence; letters; facsimiles; electronic mailings; telegrams, data; spreadsheets; schedules; reports; invoices; statements of account, billings, accounts, and ledgers; records; log books; checks, wires, or payments of any kind; diaries; minutes; memoranda of telephonic or personal communications; tape recordings and any other audio recordings; films; prints; negatives; video recordings or videotapes; transcription of recordings; bulletins; notices; instruments; drawings, plans, and specifications; and any other written, printed, electronic, or recorded matter of any character or medium whatsoever in the possession, care, custody, or control of you or your attorneys, agents, or other persons, companies or entities under any of the foregoing's control. **Each document must be produced in exact conformance to the original. If the document is in electronic format, the document is to be produced with all metadata intact.**

2. The terms "relate to," "related to," or word "related" means relate to, refer to, discuss, comprise, constitute, summarize, result from, connected with or to, and disclose.

3. The terms "and" and "or" are construed conjunctively or disjunctively as necessary, in order to bring within the scope of this subpoena all answers and responses which might otherwise be construed outside of its scope.

4. The term "communication" or "communications" means every manner or means of disclosure, transfer, or exchange of information, whether oral, electronic, by document, or otherwise, and whether face-to-face, in a meeting, by telephone, mail, electronic mail, personal delivery, or otherwise.

5. The term "YOU" and/or "YOUR" shall mean and/or refer to Lucas Hicks personally and all representatives acting on your behalf.

**DOCUMENTS UNDER SUBPOENA**

1. Produce all documents and communications that refer or relate to the April 10, 2020 phone call referred to in paragraphs 177-179 of Plaintiffs' Complaint, which alleges that you participated in that phone call. Include any recordings, notes, communications, or other evidence of the substance of the phone call. Include copies of the document(s) in their native format with all metadata intact.

**2.** For any recordings of the April 10, 2020 phone call, make available for inspection, examination, and copying any device(s) that the recording and associated files and metadata were originally created on; and any device(s) that the recording and associated files and metadata have been stored on since its creation.

**3.** Produce all documents and communications that refer or relate to any discussion about or analysis of Nikola or its stock.

**4.** Produce all documents and communications, including all documents and communications sent, received, or exchanged between you and any government officials, that refer or relate in any way to Trevor Milton, Nikola, or the sale of the Wasatch Creeks Ranch.

**This Subpoena Duces Tecum does not require the appearance of any person, but only the production of the documents specified above.**

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 21 CR 478 (ER)

TREVOR MILTON,

Defendant.

------------------------------x

New York, N.Y.

September 29, 2022
9:00 a.m.

Before:

HON. EDGARDO RAMOS,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: JORDAN L. ESTES
NICOLAS T. ROOS
MATTHEW D. PODOLSKY
Assistant United States Attorneys

MUKASEY FRENCHMAN, LLP
Attorneys for Defendant
BY: MARC L. MUKASEY
KENNETH A. CARUSO
TORREY K. YOUNG

CAHILL GORDON & REINDEL, LLP
Attorney for Defendant
BY: BRADLEY J. BONDI
SARA ORTIZ

results of this case?
A. I haven't given it the slightest thought. I would have to ask my lawyers what happens. I haven't practiced law since '84.
Q. You have a law degree, though, right?
A. Correct.
Q. OK. Now I want to turn your attention to the phone call.
You testified on direct regarding a phone call on or around April 10, 2020, correct?
A. I did.
Q. And there were four people on the call?
A. Yeah.
Q. You, correct?
A. Yes.
Q. Your son, Lucas Hicks, right?
A. Correct.
Q. David Anderson, the real estate broker, right?
A. Correct.
Q. And Trevor Milton?
A. Correct.
Q. And that phone call was recorded, right?
A. Part of it.
Q. Yes, we'll get to that.
Part of that phone call was recorded by Lucas Hicks, right?

A. Correct.
Q. On his phone, yes?
A. Correct.
Q. And he provided that recording to the government, correct?
A. Correct.
Q. Now, during that phone call, you were in Massachusetts, right?
A. Correct.
Q. And your son was in Massachusetts, yes?
A. Correct.
Q. You were in the same room, right?
A. Correct.
Q. Was Trevor Milton in the room with you?
A. No.
Q. He was in Utah, yes?
A. I believe.
Q. And David Anderson also in Utah?
A. Utah.
Q. So it was an interstate phone call, right?
A. Correct.
Q. And you didn't tell Trevor that Lucas Hicks was recording the call?
A. I was unaware.
Q. Lucas Hicks didn't tell Trevor that he was recording the call, right?

# Exhibit C

mwe.com

Edward B. Diskant
Partner
Ediskant@mwe.com
+1 212 547 5754

May 18, 2023

***VIA EMAIL (Pace@HatchPC.com)***

Adam Pace
Hatch Law Group, PC
22 East 100 South, Suite 400
Salt Lake City, Utah 84111

**Re: Peter Hicks et al. v. Trevor R. Milton et al., 2:22-cv-00166 (D. Utah)**

Dear Mr. Pace:

I write to confirm that I am counsel for non-party Lucas Hicks and am authorized to accept service, on his behalf, of the subpoena issued to him, pursuant to Fed. R. Civ. P. 45, on May 15, 2023 by Defendants Trevor R. Milton, M&M Residual, LLC, and T&M Residual LLC in connection with the above-captioned matter (the "Subpoena").

I write to further confirm that, because Mr. Hicks resides in New York, New York, you have changed the place of compliance for the Subpoena to:

Hughes Hubbard & Reed
c/o Terance Healy
One Battery Park Plaza
New York, NY 10004-1482

On behalf of Mr. Hicks, I will be in touch on or before the Subpoena's return date of June 5, 2023.

Sincerely,

Edward B. Diskant

# Exhibit D

mwe.com

Edward B. Diskant
Partner
Ediskant@mwe.com
+1 212 547 5754

June 5, 2023

***VIA EMAIL (Pace@HatchPC.com)***
Adam Pace
Hatch Law Group, PC
22 East 100 South, Suite 400
Salt Lake City, Utah 84111

**DESIGNATED CONFIDENTIAL INFORMATION UNDER THE D. UTAH STANDARD PROTECTIVE ORDER**

**Re: Peter Hicks, et al. v. Trevor R. Milton, et al., No. 2:22-cv-00166 (D. Utah)**

Dear Mr. Pace:

We are in receipt of the subpoena issued by Defendants in the above-captioned matter on May 15, 2023 to non-party Lucas Hicks (the "Subpoena").

As we explained in our meet and confer on May 30, 2023, the four document requests contained in the subpoena as drafted are objectionable on numerous grounds. In particular, the requests as drafted are overbroad, impose an undue burden on a non-party, call for the production of privileged information, call for the production of information that was already produced by Mr. Hicks in response to a similar subpoena served by your client in connection with his criminal prosecution, *United States v. Trevor Milton*, No. 21-cr-478 (S.D.N.Y.), and call for the production of information that can and should be obtained from a party to the litigation. *Cf. N'Diaye v. Metro. Life Ins. Co.*, No. 17 Civ. 4260, 2018 WL 2316335, at *8 (S.D.N.Y. May 8, 2018) (quashing non-party subpoena where plaintiffs could have sought documents from party adversary, noting that "[t]o the extent these documents are otherwise discoverable, they could and should have been obtained pursuant to Rule 34 . . . without imposing wholly unnecessary burdens on [non-parties].") (alterations in original).

As we also explained in our May 30, 2023 discussion, each of the requests, as drafted, would require Mr. Hicks to invoke his right against self-incrimination. *See generally United States v. Hubbell*, 530 U.S. 27, 37 (2000) (Fifth Amendment right against self-incrimination applies with equal force to the testimonial aspects of responding to a document subpoena); *Kastigar v. United States*, 406 U.S. 441, 444 (1972) (right against self-incrimination may be asserted in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.").

While it is not our obligation to redraft or narrow your Subpoena for you so as to render it unobjectionable, in our May 30, 2023 discussion, we proposed parameters that would allow Mr. Hicks to make a more limited production without the need to invoke. You declined to narrow or modify your Subpoena. As such, Mr. Hicks would be well within his rights to simply do so and otherwise stand on his objections.

Nonetheless, in the hopes of avoiding needless and burdensome litigation, on behalf of Mr. Hicks, we are prepared to produce non-privileged materials responsive to your Subpoena that were previously collected and produced by Mr. Hicks in connection with *United States v. Trevor Milton*, No. 21-cr-478 (S.D.N.Y.) to the extent production of those materials does not implicate Mr. Hicks's Fifth Amendment rights. Those materials have been marked for identification with control numbers LH_00000001 – LH_00000185. Please note that all redactions contained in the production are for material that is covered by the attorney-client privilege and/or constitute attorney work-product.

The material we are producing today consists principally of Mr. Hicks's non-privileged email communications with your client and/or with his father, Peter Hicks, in or around 2020 and regarding Nikola and/or the land deal we understand to have been at issue in both the criminal case and the above-captioned civil matter. Such material constitutes substantially all of the substantive material in Mr. Hicks' possession that is responsive to Requests 3 and 4 of the Subpoena and that does not require Mr. Hicks to invoke his right against self-incrimination. Mr. Hicks otherwise stands on his objections as to Requests 3 and 4.

With respect to Request 1, Mr. Hicks is producing typewritten notes of a call that occurred involving your client on or about April 10, 2020. Mr. Hicks does not otherwise intend to produce or make anything available in response to Requests 1 and 2; to the extent anything else responsive might exist, Mr. Hicks does, and will, invoke his right against self-incrimination in response to those Requests and otherwise stands on his objections.

In making this production, Mr. Hicks expressly reserves all rights and waives none, including, but not limited to, his right against self-incrimination, which he can and will invoke should it be necessary to do so.

This letter, any information disclosed in on our May 30, 2023 meet and confer, and the materials being produced today are hereby designed CONFIDENTIAL INFORMATION under the Standard Protective Order in place for all matters pending in the District of Utah. Any mention or inclusion of the same in any court filing, whether in the District of Utah or elsewhere, must thus be made under seal, or sufficiently redacted so as to prevent the public filing of CONFIDENTIAL INFORMATION.

* * *

We trust the production resolves this matter entirely. If you have any questions, or would like to discuss this matter further, please feel free to contact me directly.

Sincerely,

Edward B. Diskant