# EXHIBIT 10

Erik A. Christiansen, USB #7372
Alex N. Vandiver, USB #17700
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
EChristiansen@parsonsbehle.com
ecf@parsonsbehle.com

Christopher Robertson (*pro hac vice*)
**SEYFARTH SHAW LLP**
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: 617-946-4989
Facsimile: 617-790-6774
crobertson@seyfarth.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PETER HICKS, HICKS, LLC, and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TREVOR R. MILTON, M&M RESIDUAL, LLC and T&M RESIDUAL, LLC,<br><br>Defendants. | **RESPONSE TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS**<br><br>Case No. 2:22-cv-00166<br><br>Judge Howard C. Nielson, Jr<br><br>Magistrate Judge: Daphne A. Oberg |

Plaintiffs, by and through their counsel of record, and pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, hereby respond to Defendants' First Set of Discovery Requests to Plaintiffs as follows:

## REQUESTS FOR ADMISSION

REQUEST NO. 1: Admit that for the time period between April 1, 2020 and April 1, 2021, you were an institutional "accredited investor" as defined in Rule 501(a)(1),(2),(3) or (7) under the Securities Act.

**RESPONSE:** Plaintiffs object to this Request for Admission on the basis that it contains a compound question. Per Defendants' definitions, "you" refers to "Peter Hicks, Hicks, LLC, and Wasatch Hicks, LLC, and any agents, representatives and other persons acting or purporting to act on their behalf." Thus, this Request for Admission should be bifurcated into, at least, three separate Requests for Admission addressing each individual entity.

Plaintiffs further object to this Request for Admission on the basis that the term "as defined in Rule 501(a)(1),(2),(3) or (7) under the Securities Act" is vague. Plaintiffs interpret this term to mean an "accredited investor" as defined by 17 C.F.R. § 230.501(a)(1), (2), (3), or (7).

Plaintiffs further object on the grounds that the request assumes that whether a party was an accredited investor is pertinent to the claims in the case. The transaction and option were not conducted or sold pursuant to Regulation D and no Form D was filed with the SEC in connection with the transaction. Moreover, whether a purchaser of securities is accredited is irrelevant where the seller has engaged in fraud. Plaintiffs furthermore object to this Request for Admission on the basis that it calls for a legal conclusion and seeks protected attorney work product.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Deny.

## INTERROGATORIES

INTERROGATORY NO. 1: If your response to any of the requests for admission above was anything other than an unqualified admission, explain the factual basis of your denial or partial denial of each request for admission.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it pertains to a compound question and, thus, is a compound question itself. Per Defendants' definitions, "you" refers to "Peter Hicks, Hicks, LLC, and Wasatch Hicks, LLC, and any agents, representatives and other persons acting or purporting to act on their behalf." Thus, this Interrogatory should be bifurcated into, at least, three separate Requests for Admission addressing each individual entity.

Plaintiffs further object to this Interrogatory on the basis that the underlying Request for Admission(s) are vague. The term "accredited investors" as defined "in Rule 501(a)(1),(2),(3) or (7) under the Securities Act" is vague. Plaintiffs interpret this term to mean an "accredited investor" as defined by 17 C.F.R. § 230.501(a)(1), (2), (3), or (7).

Plaintiffs further object on the grounds that the request assumes that whether a party was an accredited investor is pertinent to the claims in the case. The transaction and option were not conducted and sold pursuant to Regulation D and no Form D was filed with the SEC in connection with the transaction. Moreover, whether a purchaser of securities is accredited is irrelevant where the seller has engaged in fraud. Plaintiffs furthermore object to this Interrogatory on the basis that it calls for a legal conclusion and seeks protected attorney work product.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follow: Peter Hicks was never requested to represent nor did he represent to Defendants that he, Hicks, LLC, or Wasatch Hicks, LLC are accredited investors. He was never asked to complete an accredited investor questionnaire nor was any such document required as part of the transaction.

INTERROGATORY NO. 2: Identify all real estate transactions that you or any entity you own, control, or have an interest in has been involved in, in any capacity, from January 1, 2010 to present. For each transaction, identify your role in the transaction (i.e., purchaser or seller); a description of the type of property (i.e. commercial; residential; ranch; etc.); and the name under

which you or an entity you have an interest in purchased or sold the property. For each purchase, please identify the form of payment that you used to purchase the property (i.e. cash, bank loan, etc.); and identify whether the purchase involved a 1031 exchange.

**ANSWER:** Plaintiffs object that this Interrogatory is a compound question by asking about three different categories of information from three separate entities. This Interrogatory should be bifurcated into, at least, three interrogatories.

Plaintiffs further object that this Interrogatory is irrelevant and overbroad. As such, Plaintiffs object that this Interrogatory is intended to harass and cause undue hardship to Plaintiffs. Whatever real estate transaction(s) that Plaintiffs partook or conducted over the last 13 years have no bearing in this case—which relates to the fraudulent actions Defendants did to induce Plaintiffs into the sale of Wasatch Creek Ranch.

Plaintiffs furthermore object that this Interrogatory on the basis that it is equally available to Defendants through public records.

Subject to and without waiving any of the foregoing objections, Plaintiffs is willing to identify the real estate transactions that Peter Hicks, Hicks LLC, or Wasatch Hicks LLC, partook in as a listed party to the real estate transaction in Utah, between January 1, 2019, and August 14, 2020:

On January 30, 2019, Hicks LLC sold its tenants in common interest in Gailey/Wasatch Peaks Ranch real estate to Wasatch Peaks Ranch LLC after having converting Hicks LLC ownership from an LLC membership to a similar percentage tenants in common interest.

On July 29, 2019, Wasatch Hicks LLC purchased a tenants in common interest in Ward Farm from Jeff's Hillbrook Ranch, LLC, R. Charles Ward, Jeff's Road, LLC, and Jeffrey F. Ward.

On November 7, 2019, Wasatch Hicks LLC sold its 50% tenants in common interest in Ward Farm to Jeff's Hillbrook Ranch, LLC, R. Charles Ward, Jeff's Road, LLC, and Jeffrey F. Ward.

On March 13, 2020, Hicks LLC and Wasatch Hicks LLC purchased Wasatch Creeks Ranch from the Hatch Group, LLC.

On August 14, 2020, Hicks LLC and Wasatch Hicks LLC sold Wasatch Creeks Ranch to Defendants.

All transactions except the subject of this lawsuit were for cash. All of them involved 1031 exchanges.

INTERROGATORY NO. 3: Identify everyone who participated in any way in the April 10, 2020 phone call referred to in paragraphs 177-179 of the Complaint.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that the phrase "participated in any way" is vague. Plaintiffs interpret this phrase to mean any person that was present at the time of the phone call and made their presence known to Plaintiffs at some point during the phone call.

Plaintiffs further object to this Interrogatory to the extent that it asks Plaintiffs to speculate on whom might have been on the other side of the line, whom Plaintiffs may or may not have been aware of their presence, involvement, or participation in the phone call.

Plaintiffs furthermore object to this Interrogatory on the basis that the information is equally accessible to Defendants given that Defendants partook in the referenced phone call. As such, Plaintiffs object to this Interrogatory on the basis that it is intended to harass and cause undue hardship to Plaintiffs.

Subject to and without waiving any of the foregoing objections, upon information and belief, Plaintiffs respond, as follows: Peter Hicks, Lucas Hicks, David Anderson, and Trevor Milton.

INTERROGATORY NO. 4: Identify with specificity all documents that refer or relate to the April 10, 2020 phone call referred to in paragraphs 177-179 of the Complaint, including any recordings, notes, communications, or other evidence of the substance of the phone call. For any recordings, identify the name of the person who created the recording; the method used to create the recording; the model and present location of the device(s) that the recording was originally created on; and the model and present location of all devices the recording has been stored on at any time since its original creation.

**ANSWER:** Plaintiffs object to Interrogatory No. 4 on the basis that the phrase "refer or related to" is vague. Plaintiffs interpret this phrase to mean documents that Plaintiffs prepared during the phone call.

Plaintiffs further object to this Interrogatory to the extent that it asks Plaintiffs to speculate on the documents that Defendants or others might have been referring to or relating to, which Plaintiffs may or may not have been aware of at the time of the phone call. Plaintiffs also object to this Interrogatory to the extent it seeks documents that are not in possession or control of Plaintiffs.

Plaintiffs furthermore object to this Interrogatory on the basis that the information is equally accessible to Defendants given that Defendants partook in the referenced phone call and have been previously disclosed to Defendants through the associated criminal trial. As such, Plaintiffs object to this Interrogatory on the basis that it is intended to harass and cause undue hardship to Plaintiffs.

Subject to and without waiving any of the foregoing objections, upon information and belief, Plaintiffs respond, as follows: Peter Hicks took handwritten notes during the referenced phone call. These have been produced as Hicks000010–11. Lucas Hicks also typed notes and recorded the referenced phone call on his iPhone. The recording of the phone call was transcribed. Those documents have already been produced to Defendants in the criminal case pending in the Southern District of New York.

INTERROGATORY NO. 5: Identify with specificity each and every "false statement" or "misrepresentation" that you allege Trevor Milton made during the April 10, 2020 call referred to in paragraphs 177-179 of the Complaint. For each statement, identify the specific words used and identify any documents, notes, recordings, communications, or other evidence which supports your allegation that the alleged statement or misrepresentation was made.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it is overbroad. Plaintiffs further object to this Interrogatory on the basis that the information is equally accessible to Defendants given that Defendants partook in the referenced phone call. Furthermore, given the fact that Defendants made the false statements and misrepresentations in the referenced call and is knowledgeable about the falsity of those statements and misrepresentations, Plaintiffs object to this Interrogatory on the basis that it is intended to harass and cause undue hardship to Plaintiffs.

Subject to and without waiving any of the foregoing objections, upon information and belief, Plaintiffs respond as follows: Plaintiffs are producing a highlighted transcript of the referenced phone call with highlights depicting the statements that Plaintiffs believe were false as HICKS000818-1273. The referenced phone call was not completely recorded; therefore, the transcript of the recorded portion of the phone call does not reflect a complete account of every false statement made during the referenced phone call. Plaintiffs are also producing a copy of Mr.

Peter Hicks' and Lucas Hicks' notes with highlights depicting the statements that Plaintiffs believe were false as HICKS000814-817 as well as a copy of Mr. Peter Hicks' testimony at the criminal trial with highlights depicting the statements that Plaintiffs believe were false.

In addition, Defendants stated to Plaintiffs that: Nikola headquarters had large installation of solar on the roof that produced enough energy to take the HQ off the grid. Nikola had the world's largest hydrogen refueling station in the world which was producing large amounts of hydrogen. Hydrogen trucks rendered the era of diesel over. Nikola had broad intellectual property. Nikola's trucks, would be in the market in 14 months and would begin production in 2021. Nikola had contracts for the sale of trucks worth $14 Billion. Nikola One was a fully functioning truck.

Plaintiffs assert that this is not a complete representation of all the false statements and misrepresentations that Defendants made to Plaintiffs in order to induce the sale of Wasatch Creek Ranch. Plaintiffs reserve the right to supplement their Answer to this Interrogatory as discovery is conducted and reveals additional statements to be false.

INTERROGATORY NO. 6: Identify the date you or any entity you have an interest in purchased the Wasatch Creeks Ranch property from its prior owner; the parties involved in the transaction; the real estate agent(s) and brokerage(s) that represented you in the transaction; and the purchase price you paid for the property.

**ANSWER:** On March 13, 2020, Wasatch Hicks LLC and Hicks LLC purchased the Wasatch Creeks Ranch from Lazy H Ranch, LLC and the Hatch Group, LLC for $6,850,000.00. Wasatch Hicks LLC and Hicks LLC were not represented by a broker in the transaction. David Anderson from A5 Real Estate was the broker for the Hatch Group LLC. A true and correct copy of the purchase agreement will be produced concurrently as HICKS000359.

INTERROGATORY NO. 7: Identify all individuals who represented or assisted you in any way with your purchase of the Wasatch Creeks Ranch property from its prior owner. List each individual(s)' name, current address and phone number, and a description of the role the individual played in the transaction.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that the phrase "assisted you in any way" is overly broad and vague. Plaintiffs interpret this Interrogatory to seek the identity of any person that Plaintiffs expressly hired to assist them in the real estate transaction of the Wasatch Creeks Ranch from the Hatch Group LLC. Plaintiffs further object to the extent this Interrogatory seeks privileged or confidential information. Plaintiffs' response should not be interpreted in any way, shape, or form as a waiver of any of its rights and/or privileges held in relation to privileged and/or confidential information discussed with any of the identified persons.

Subject to and without waiving any objections, Plaintiff responds as follows:

Wasatch Hicks LLC and Hicks LLC were unrepresented by a broker in the real estate transaction with the Hatch Group LLC over the Wasatch Creeks Ranch.

Peter Hicks, on behalf of Wasatch Hicks LLC and Hicks LLC, negotiated the real estate transaction of the Wasatch Creeks Ranch with the Hatch Group LLC independently and without any representation.

Matthew Anderson from Fabian VanCott (90 South State Street, Suite 2300, Salt Lake City, UT 84111, 801-323-2267) provided privileged legal advice to Wasatch Hicks LLC and Hicks LLC regarding the purchase agreement.

Michael Callahan from Callahan and Associates (10 Smith Lane, Swampscott, MA 01907, 781-258-1471) provided privileged transaction advice to Wasatch Hicks LLC and Hicks LLC.

Cory Bildodeau from McLaughlinQuinn LLC (148 River Street – Suite 1E, Providence RI 02904, 401-655-2203) provided confidential tax advice to Wasatch Hicks LLC and Hicks LLC. Steve Robison Esq from Strategic Property Exchanges, LLC (11353 Reed Hartman Hwy, Ste 300, Cincinnati, OH 45241, 513-412-3481) was the exchange company for the transaction.

Eric Wall Plaintiff from Unita Engineering and Surveying, Inc. (808 Main Street, Evanston WY 82930, 307-789-3602) provided title related work to Wasatch Hicks LLC and Hicks LLC.

David Anderson from A5 Real Estate (2825 E. Cottonwood Parkway, Suite 500, Salt Lake City, UT 84121, 801-910-4040) was the seller's broker for the transaction.

Cottonwood Title Insurance Agency, Inc., Escrow Officer Cort Ashton, 801-277-9999, was the Hatch Group LLC's title insurance company.

<u>INTERROGATORY NO. 8</u>: Identify all individuals who represented or assisted you in any way with your sale of the Wasatch Creeks Ranch to Riverbend Bar Milton Ranch, LLC. List each individual(s)' name, current address and phone number, and a description of the role the individual played in the transaction.

**<u>ANSWER</u>:** Plaintiffs object to this Interrogatory on the basis that the phrase "assisted you in any way" is overly broad and vague. Plaintiffs interpret this Interrogatory to seek the identity of any person that Plaintiffs expressly hired to assist them in the real estate transaction of the Wasatch Creeks Ranch to Riverbend Bar Milton Ranch, LLC. Plaintiffs further object to the extent this Interrogatory seeks privileged or confidential information. Plaintiffs' response should not be interpreted in any way, shape, or form as a waiver of any of its rights and/or privileges held in relation to privileged and/or confidential information discussed with any of the identified persons.

Subject to and without waiving any objections, Plaintiff responds as follows:

Peter Hicks, on behalf of Wasatch Hicks LLC and Hicks LLC, negotiated the real estate transaction of the Wasatch Creeks Ranch with the Hatch Group LLC independently and without any representation.

Matthew Anderson from Fabian VanCott (90 South State Street, Suite 2300, Salt Lake City, UT 84111, 801-323-2267) provided privileged legal advice to Wasatch Hicks LLC and Hicks LLC regarding the purchase agreement.

Michael Callahan from Callahan and Associates (10 Smith Lane, Swampscott, MA 01907, 781-258-1471) provided privileged transaction advice to Wasatch Hicks LLC and Hicks LLC.

Jeffrey Mussman and Chris Robertson from Seyfarth Shaw LLP (Two Seaport Lane, Suite 1200, Boston MA 02210-2028, 617-946-4989) provided privileged legal advice to Wasatch Hicks LLC and Hicks LLC.

Peter Litman, esq. (PO Box 970074, Boston MA 02297; 617-737-5000) provided privileged transaction advice.

Cory Bildodeau from McLaughlinQuinn LLC (148 River Street – Suite 1E, Providence RI 02904, 401-655-2203) provided confidential tax advice to Wasatch Hicks LLC and Hicks LLC.

Mathew Joyce from Rubin and Rudman LLP (53 State St Boston MA, 617-330-7158) provided privileged legal advice to Wasatch Hicks LLC and Hicks LLC.

Strategic Property Exchanges, LLC, through Steve Robison, (11353 Reed Hartman Hwy, Ste 300, Cincinnati, OH 45241, 513-412-3481) was the exchange company for the transaction.

Eric Wall Plaintiff from Unita Engineering and Surveying, Inc. (808 Main Street, Evanston WY 82930, 307-789-3602) provided title related work to Wasatch Hicks LLC and Hicks LLC.

First American Title Insurance Company, through Escrow Officer Jay Thompson, 801-536-3100, was the title insurance company for the transaction.

David Anderson from A5 Real Estate (2825 E. Cottonwood Parkway, Suite 500, Salt Lake City, UT 84121, 801-910-4040) was the Defendants' broker for the transaction.

INTERROGATORY NO. 9: Identify all appraisals or valuations of the Wasatch Creeks Ranch in your possession, custody, or control, including the name of the individual(s) performing the appraisal or valuation; the date of the appraisal or valuation; and the location of any documents or communications that refer or relate to the appraisal or valuation.

**ANSWER:** Plaintiffs object to the terms, "appraisals" and "valuations," as vague. Plaintiffs interprets these terms to mean a report (commonly referred to as an "appraisal") assessing or estimating the fair market value of the Wasatch Creeks Ranch by a certified general real property appraiser. Plaintiffs further object to the Interrogatory as vague and overbroad as the Interrogatory fails to provide a timeframe.

Subject to and without waiving any objections, Plaintiff responds as follows: Plaintiffs did not obtain any formal appraisal for the Wasatch Creeks Ranch from a certified general real property appraiser in 2020.

INTERROGATORY NO. 10: Identify all stock option contracts that you or any entity that you own, control, or have an interest in has been involved in, in any capacity, from January 1, 2000 to present.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it is overbroad, vague, and intended to cause undue hardship on Plaintiff by seeking information related to "any entity that you own, control, or have an interest in has been involved in, in any capacity[.]" Plaintiffs object to this Interrogatory to the extent it asks Plaintiffs to respond on behalf of another entity, and Plaintiffs assert that they will not respond on behalf of any other entity. Plaintiffs further object to the phrase "involved in" as vague and ambiguous. Plaintiffs interpret this Interrogatory to

identify all stock option contracts that Plaintiffs have ever been a signing party to. Plaintiffs furthermore object that the timeframe is excessively overbroad and intended to harass Plaintiffs.

Subject to and without waiving any objections, Plaintiffs respond as follows: Apart from the underlying transaction, Plaintiffs have never been a party to any stock option contracts.

INTERROGATORY NO. 11: Identify all brokerage or investment accounts that you directly or indirectly control. For each account, identify the name of the financial institution that manages the account; the last 4 digits of the account number; the types of investments held in the account and the approximate value of the account.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it seeks irrelevant information relating to highly private and sensitive financial information from Plaintiffs. Plaintiffs' brokerage and/or investment accounts have no bearing whatsoever on the underlying case. Plaintiffs object to this Interrogatory on the basis that it is clearly intended to harass and cause undue burden on Plaintiffs. Accordingly, Plaintiffs will not provide an Answer to this Interrogatory without an Order from the Court.

INTERROGATORY NO. 12: Identify with specificity each and every "public statement by Milton" that you reviewed after April 10, 2020, as alleged in paragraphs 181 and 188 of the Complaint. For each statement, identify the date and media (i.e. Twitter, podcast, etc.) that the statement was made, the substance of the statement, the date on which you reviewed the statement; what, if any action you took to investigate or further inquire into the statement after you reviewed it; and identify any documents, notes, recordings, communications, or other evidence which supports your allegation that you reviewed the statement.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it is compound as it seeks at least three different categories of information: (1) The statements that Plaintiffs reviewed,

(2) the "action you took to investigate or further inquire the statement," and (3) the proof that Plaintiffs reviewed the statements. This Interrogatory should be bifurcated into, at least, three interrogatories.

Plaintiffs further object to this Interrogatory on the basis that it is overbroad. Plaintiffs cannot reasonably provide a complete list of "each and every 'public statement by Milton'" that Plaintiffs reviewed. Defendant Trevor Milton was, and still is, a public figure. In 2020, Defendant Trevor Milton made numerous public statements, over many different platforms and mediums, sometimes several times a day, to promote Nikola, which Plaintiffs may have casually "reviewed" without tracking the statements, the research put into verifying the information, and the proof that Plaintiffs reviewed the statements.

Plaintiffs furthermore object to this Interrogatory as vague and intended to be overly burdensome. Defendants ask Plaintiffs to "identify any documents, notes, recordings, communications, or other evidence which supports your allegation that you reviewed the statement." However, Defendants do not define the type of document that might "support [Plaintiffs'] allegation that [Plaintiffs] reviewed the statement[s]." This is excessively vague and broad to the point that Plaintiffs cannot provide a response.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: At this time, Plaintiffs cannot recall each and every statement made by Defendant Trevor Milton, the substance of the statements, and/or the date in which Plaintiffs reviewed the statements. Plaintiffs reserve the right to supplement their Answer to this Interrogatory as Plaintiffs may later recall additional statements. At this time, Plaintiff recalls "review[ing]" many statements by Trevor Milton, including, but not limited to:

- Phone call on April 10, 2020. As provided above, Plaintiffs have a recording and transcript of the phone call as well as handwritten and typed notes from the phone call.
- Interview of Defendant Trevor Milton on CNBC on or about June 4, 2020. https://www.youtube.com/watch?v=NYBj83HttG4
- Interview of Defendant Trevor Milton on Fox Business on or about July 31, 2020. https://www.foxbusiness.com/video/6177205510001
- Interview of Defendant Trevor Milton on Fox Business. https://www.facebook.com/FoxBusiness/videos/nikola-ceo-trevor-milton-on-varney-co/597144274240904
- Interview of Defendant Trevor Milton on CNBC on or about August of 2020. https://www.cnbc.com/video/2020/08/05/full-interview-with-nikola-founder-trever-milton.html
- Nikola video featuring Trevor Milton and truck. https://youtu.be/7LSrvRMgIqw (This video has since been removed from the internet.)
- Other videos of the Nikola trucks sometime in summer of 2020.

For context, Plaintiffs regularly watched news media outlets and clicked on threads to current stories including analyst recommendations based on public information coming from Defendant Trevor Milton and Nikola regularly after April of 2020. Plaintiffs referred to real time trading prices and article links to Nikola and Trevor Milton when clicking on MarketWatch—which was regularly and often more than once a day.

INTERROGATORY NO. 13: Identify with specificity each and every statement that you contend you "actually and reasonably relied on," as referred to in paragraphs 1, or "relied upon" as referred to in paragraph 188 of the Complaint. For each statement, identify the date and media

(i.e. Twitter, podcast, etc.) that the statement was made, the substance of the statement, the date on which you heard or reviewed the statement; what, if any action you took to investigate or further inquire into the statement after you reviewed it; and identify any documents, notes, recordings, communications, or other evidence which supports your allegation that you heard or reviewed the statement.

**ANSWER:** Plaintiffs object to this Interrogatory on the basis that it is compound as it seeks at least three different categories of information: (1) The statements that Plaintiffs reviewed, (2) the "action you took to investigate or further inquire the statement," and (3) the proof that Plaintiffs reviewed the statements. This Interrogatory should be bifurcated into, at least, three interrogatories.

Plaintiffs also object to this Interrogatory to the extent it calls for Plaintiffs to make a legal conclusion. Specifically, it calls for Plaintiffs to determine what they "reasonably relied on." Plaintiffs also object to this Interrogatory to the extent it is duplicative of Interrogatories Nos. 5 and 12.

Plaintiffs further object to this Interrogatory on the basis that it is overbroad and intended to be unduly burdensome. Plaintiffs cannot reasonably provide a complete list of "each and every statement that [Plaintiff]… 'actually and reasonably relied on.'" Defendant Trevor Milton was, and still is, a public figure. In 2020, Defendant Trevor Milton made numerous public statements, over many different platforms, sometimes several times a day, to promote Nikola, which Plaintiffs may have casually "reviewed" and "relied on" without tracking the statements, the research put into verifying the information, and the proof that Plaintiffs reviewed the statements.

Plaintiffs furthermore object to this Interrogatory as vague and intended to be overly burdensome. Defendants ask Plaintiffs to "identify any documents, notes, recordings,

communications, or other evidence which supports your allegation that you reviewed the statement." However, Defendants do not define the type of document that might "support [Plaintiffs'] allegation that [Plaintiffs] reviewed the statement[s]." This is excessively vague and broad to the point that Plaintiffs cannot provide a response.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs incorporate their Answers to Interrogatories Nos. 5 and 12 by reference. Plaintiffs further assert that, as provided in their Answers to Interrogatories Nos. 5 and 12, their Answer to Interrogatory No. 13 is not a complete list of all the false statements and misrepresentations that Plaintiffs relied upon. At this time, Plaintiffs cannot recall each and every statement that they relied upon as provided in the Complaint. Plaintiffs reserve the right to supplement their Answer to this Interrogatory as Plaintiffs may later recall additional statements.

INTERROGATORY NO. 14: Identify with specificity what, if any, due diligence you or anyone acting on your behalf performed to investigate or evaluate the value of Nikola stock at any time after the April 10, 2020 conversation you allege you had with Milton in paragraphs 177-179 of the Complaint.

**ANSWER:** Plaintiffs object to this Interrogatory because the term "due diligence." It asks for Plaintiffs to make a legal conclusion. Plaintiffs further object to this Interrogatory as duplicative of Interrogatories Nos. 12 and 13, which ask Plaintiffs to identify "what, if any action you took to investigate or further inquire into the statement after you reviewed it."

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Peter Hicks followed Nikola and Trevor Milton on the internet. Regularly, Mr. Hicks searched VectoIQ and Nikola to see stock prices and read articles article about them. Mr. Hicks

also watched interviews of Trevor Milton and Nikola on YouTube and other platforms. Mr. Hicks saw several of Trevor Milton's social media posts that made headlines on the news.

INTERROGATORY NO. 15: Identify the past and present owners of Hicks, LLC for the last five years. Also indicate the percentage of shares owned by each owner.

**ANSWER:** Between 2000 and 2019, Peter Hicks owned two thirds of Hicks, LLC. The other third of Hicks, LLC was half owned by David Hansen and half owned by Paul Diaz. Since January 2019, Peter Hicks has owned 99.5% of Hicks, LLC and Lucas Hicks has owned the remaining .5% of Hicks, LLC.

INTERROGATORY NO. 16: Identify the past and present owners of Wasatch Hicks, LLC for the last five years. Also indicate the percentage of shares owned by each owner.

**ANSWER:** Hicks LLC has wholly owned Wasatch Hicks LLC since the inception of Wasatch Hicks LLC.

INTERROGATORY NO. 17: Identify every email and social media account (Facebook, Instagram, Snapchat, Twitter, etc.) owned or used by you between January 1, 2019 and the present. Please provide the email address for each email account. Please provide the username for each social media account and identify when the account was first created.

**ANSWER:** Plaintiffs object to Interrogatory No. 17 as irrelevant. Plaintiffs' email account(s) and/or social media account(s) have no relevance or bearing in the underlying case. Plaintiffs further object to Interrogatory No. 17 because the phrase "used by you" makes the Interrogatory overly broad and vague. Plaintiffs interpret the Interrogatory to seek information relating to email accounts and social media accounts that Plaintiffs own.

Subject to and without waiving any objections, Plaintiffs respond as follows: Wasatch Hicks LLC and Hicks LLC do not own any email addresses or social media accounts. Mr. Peter

Hicks owns two email addresses: hicksmgt87@gmail.com and hicksmgt@aol.com, and he owns two social media accounts: Instagram and Twitter. Mr. Hicks does not know how to use either of his social medial accounts and, accordingly, cannot provide the username for the social media accounts. Mr. Hicks believes that he opened the Twitter account sometime in early 2023, and Mr. Hicks does not recall when he opened the Instagram account. He has engaged in no material activities in connection with any social media account, and has not posted any commentary in connection with Mr. Milton or Nikola at any time.

INTERROGATORY NO. 18: Identify how you used the Wasatch Creek Ranch property during the time that you owned it. If you rented or leased any portion of the property, identify the parties involved and the terms of the lease.

**ANSWER:** Plaintiffs object to Interrogatory No. 18 because the term "used" is vague. Plaintiffs interpret the term to mean any "use[]" for economic profit. Plaintiffs further object to Interrogatory No. 18 for being a compound question, seeking at least two separate categories of information. Interrogatory No. 18 should be bifurcated into at least two interrogatories.

Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: Plaintiffs kept the property as an unoccupied mountain recreational ranch. Plaintiffs gave Elite Hunting Company a license to hunt on the property and Jeff Jones a license to graze.

Plaintiffs also planned to create an extensive recreational road system, used surveyors (Uinta Engineering) for selected segments, and began construction of the road system (with Justin Richins). However, on the day that construction began, within hours, Milton asked Plaintiffs to stop the construction as negotiations were completing. Plaintiffs ordered that the construction stop. With the property under contract, the work did not resume.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: Produce all documents and communications referred to or relied upon in answering the foregoing requests for admission and interrogatories.

**RESPONSE:** Plaintiffs object to Request No. 1 as vague, ambiguous, and overly broad. Accordingly, Plaintiffs cannot provide a response to Request No. 1.

REQUEST NO. 2: Produce copies of everything you received in response to any subpoenas issued to third parties in connection with this lawsuit, including specifically the subpoena to Nikola Motor Company LLC identified in your March 21, 2023 Notice of Intent to Issue Subpoena Duces Tecum. Please include copies of all documents that you received in response to the subpoena(s) as well as all communications between you or your representatives and the recipient of the subpoena(s) which refer or relate in any way to the subpoena(s).

**RESPONSE:** Plaintiffs cannot produce responsive documents to Request No. 2 because Plaintiffs have not received any documents in response to any issued subpoenas to third parties in connection with this lawsuit. Therefore, the documents and communications are not in the possession, custody, or control of Plaintiffs.

REQUEST NO. 3: Produce all documents and communications that refer or relate to your sale of the Wasatch Creeks Ranch property to Riverbend Bar Milton Ranch, LLC. Include all communications between you and any real estate agent(s) or brokerage(s), including David Anderson, that represented you in connection with this transaction.

**RESPONSE:** Plaintiffs object to Request No. 3 as overbroad and vague. Defendants fail to identify the parties between whom the "documents and communications" that they seek were exchanged. Further, Defendants fail to identify a relevant timeframe; Plaintiffs interpret this Request to seek documents from between January 1, 2020, to August 14, 2020 (i.e., the date that the real estate transaction closed). Moreover, Plaintiffs object to Request No. 3 to the extent that

the referenced and related documents and communications are equally available to Defendants. Furthermore, Plaintiffs object to Request No. 3 to the extent that the Request erroneously states that Plaintiffs were "represented" by "any real estate agent(s) or brokerage(s)" in the referenced real estate transaction. As provided in response to Interrogatory No. 8, Plaintiffs were not represented by any real estate agents or brokers in the referenced real estate transaction. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs will concurrently produce responsive documents and communications.

REQUEST NO. 4: Produce all documents and communications that refer or relate to your purchase of the Wasatch Creeks Ranch property from its prior owner. Include all communications between you and any real estate agent(s) or brokerage(s) that represented you in connection with this transaction.

**RESPONSE:** Plaintiffs object to Request No. 4 as overbroad and vague. Defendants fail to identify the parties between whom the "documents and communications" that they seek were exchanged. Further, Defendants fail to identify a relevant timeframe. Furthermore, Plaintiffs object to Request No. 4 to the extent that the Request erroneously states that Plaintiffs were "represented" by "any real estate agent(s) or brokerage(s)" in the referenced real estate transaction. As provided in response to Interrogatory No. 6, Plaintiffs were not represented by any real estate agents or brokers in the referenced real estate transaction. Moreover, Plaintiffs object to Request No. 4 for being completely irrelevant. There is no basis for which the sought documents and communications would be relevant. In addition, the sought documents and communications have confidential business information that Plaintiffs have an interest in maintaining confidential. Based on the foregoing, Plaintiffs will not produce documents or communications in response to Request No. 4 without an Order from the Court.

REQUEST NO. 5: Produce all documents and communications that refer or relate to any appraisals or valuations of the Wasatch Creek Ranch property.

**RESPONSE:** Plaintiffs object to Request No. 5 because the terms "appraisals" and "valuations" are vague. Plaintiffs interprets these terms to mean a report (commonly referred to as an "appraisal") assessing or estimating the fair market value of the Wasatch Creeks Ranch by a certified general real property appraiser. Plaintiffs further object to this Request as vague and overbroad because it fails to provide a timeframe.

Subject to and without waiving any of the foregoing objections, Plaintiffs cannot produce responsive documents to Request No. 5 because the Request seeks documents and communications that do not exist and that are, therefore, not in the possession, custody, or control of Plaintiffs.

REQUEST NO. 6: Produce all documents and communications that refer or relate to the April 10, 2020 phone call referred to in paragraphs 177-179 of the Complaint, including any recordings, notes, communications, or other evidence of the substance of the phone call. Include copies of the document(s) in their native format with all metadata intact.

**RESPONSE:** Plaintiffs object to Request No. 6 on the basis that the phrase "refer or related to" is vague. Plaintiffs interpret this phrase to mean documents that Plaintiffs prepared or used during the phone call.

Plaintiffs further object to Request No. 6 to the extent that it asks Plaintiffs to speculate on the documents that Defendants might have been referring to or relating to, which Plaintiffs may or may not have been aware of at the time of the phone call. Plaintiffs also object to Request No. 6 to the extent it seeks documents that are not in possession or control of Plaintiffs.

Plaintiffs furthermore object to Request No. 6 on the basis that the information is equally accessible to Defendants given that Defendants partook in the referenced phone call. As such,

Plaintiffs object to the Request on the basis that it is intended to harass and cause undue hardship to Plaintiffs.

Subject to and without waiving any of the foregoing objections, upon information and belief, Plaintiffs respond, as follows: Peter Hicks took handwritten notes during the referenced phone call. These have been produced as Hicks000010–11. Lucas Hicks also typed notes and recorded the referenced phone call on his iPhone. The recording of the phone call was transcribed. Those documents will be produced concurrently as HICKS000814-817 and HICKS000818-1273.

REQUEST NO. 7: Produce all documents and communications establishing any financial loss that you claim to have suffered as a result of the conduct alleged in your Complaint for which you seek damages in this lawsuit.

**RESPONSE:** Plaintiffs object to Request No. 7 as vague and overbroad. Plaintiffs further object to Request No. 7 to the extent it is asking Plaintiffs to either make a legal conclusion or set forth their legal research, opinions, or theory of the case to Defendants. Furthermore, Plaintiffs object to Request No. 7 as being premature. The parties have not completed discovery or trial preparation. Upon further discovery, legal research, and analysis, Plaintiffs may be able to supply additional information to the extent it does not improperly request the legal theory of Plaintiffs' case. Subject to and without waiving any of the foregoing objections, Plaintiffs respond as follows: At this time, Plaintiffs cannot produce responsive documents to Request No. 7 because the Request seeks documents and communications that do not exist and that are, therefore, not in the possession, custody, or control of Plaintiffs.

REQUEST NO. 8: Produce copies of every written or recorded statement in your possession, custody, or control which relates in any way to the subject matter of this lawsuit.

**RESPONSE:** Plaintiffs object to Request No. 8 to the extent it is asking Plaintiffs to set forth their legal research, opinions, or theory of the case to Defendants. Further, Plaintiffs object to the extent that Request No. 8 is duplicative of the other fifteen requests herein. Moreover, Plaintiffs object to Request No. 8 as vague and overbroad. Accordingly, Plaintiffs cannot provide a response.

REQUEST NO. 9: Produce all documents and communications that refer or relate to any stock option contracts that you or any entity that you own, control, or have an interest in has been involved in, in any capacity, from January 1, 2000 to present.

**RESPONSE:** Plaintiffs hereby incorporate their response to Interrogatory No. 10 by reference. Plaintiffs cannot produce responsive documents to Request No. 9 because the Request seeks documents and communications that do not exist and that are, therefore, not in the possession, custody, or control of Plaintiffs.

REQUEST NO. 10: Produce documents sufficient to show all brokerage or investment accounts that you directly or indirectly control, including for each account the name of the financial institution that manages the account; the last 4 digits of the account number; the types of investments held in the account and the approximate value of the account.

**RESPONSE:** Plaintiffs hereby incorporate their response to Interrogatory No. 11 by reference. Plaintiffs object to Request No. 10 on the basis that it seeks irrelevant information relating to highly private and sensitive financial information from Plaintiffs. Plaintiffs' brokerage and/or investment accounts have no bearing whatsoever on the underlying case. Plaintiffs object to this Request on the basis that it is clearly intended to harass and cause undue burden on Plaintiffs. Accordingly, Plaintiffs will not provide a response to this Request without an Order from the Court.

REQUEST NO. 11: For each social media account you identified in response to Interrogatory No. 17 above, produce copies or screenshots of all posts which refer or relate in any way to Trevor Milton, Nikola, Wasatch Creeks Ranch, or the subject matter of this lawsuit.

**RESPONSE:** Plaintiffs cannot produce responsive documents to Request No. 11 because the Request seeks documents and communications that do not exist and that are, therefore, not in the possession, custody, or control of Plaintiffs.

REQUEST NO. 12: Produce copies of all documents and communications that refer or relate in any way to Trevor Milton, Nikola Motors, or the Wasatch Creek Ranch Property from January 1, 2020 to the present. Include all responsive communications between or among you and any of the following individuals: 1) David Anderson; 2) Lucas Hicks; 3) Andrew Lillywhite; 4) Jay Thompson; 5) Toni Foster; 6) Mark Gale; 7) Britton Worthen; 8) Mark Russell; 9) Kim Brady; and 10) any other representative of Nikola Motors.

**RESPONSE:** Plaintiffs object to Request No. 12 as overbroad and vague. As to the phrase "any other representative of Nikola Motors," Plaintiffs object that Defendants fail to identify whom the "documents and communications" that they seek for were exchanged with. Further, Defendants fail to identify a relevant timeframe; Plaintiffs interpret this Request to seek documents from between January 1, 2020, to July 29, 2021 (i.e., the date that Trevor Milton was indicted). Moreover, Plaintiffs object to Request No. 12 to the extent that the referenced and related documents and communications are equally available to Defendants. Plaintiff further objects that this Request is duplicative and intended to burden and harass Plaintiffs because the vast majority of responsive documents have already been produced to Defendants in the criminal matter pending in the Southern District of New York, pursuant to a trial subpoena issued by Mr. Milton in that case. This production included communications with each of the identified individuals, as well as

additional communications relating to the transaction, the option agreement, and Nikola's securities. Subject to and without waiving any of the foregoing objections, Plaintiffs will also conduct an additional search of email and will produce any responsive communications concurrently.

REQUEST NO. 13: Make the devices you identified in response to Interrogatory No. 4 above available for inspection, examination, and copying of all recordings and associated files and metadata.

**RESPONSE:** Plaintiffs object to Request No. 13 to the extent it requests Plaintiffs to produce "devices" that are not in their possession, control, or custody. Plaintiffs further object that this Request is duplicative of Request No. 6 (asking Plaintiffs to produce all documents that "refer or relate to the April 10, 2020 phone call… in their native format with all metadata intact"). Furthermore, Plaintiffs object that Defendants have failed to comply with the Federal Rule of Civil Procedure 34(b) in attempt to request an inspection of Plaintiffs' "devices." Accordingly, at this time, Plaintiffs cannot and will not comply with this Request. However, Plaintiffs are willing to meet and confer on the issue.

REQUEST NO. 14: Produce copies of all text messages between you and Trevor Milton.

**RESPONSE:** Plaintiffs object to Request No. 14 for seeking documents equally available to Defendant Trevor Milton. Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Plaintiffs have already produced all of the responsive communications requested in Request No. 14 in their initial disclosures. To avoid duplication, Plaintiffs will not re-produce the same communications.

REQUEST NO. 15: Produce copies of all documents and communications that refer or relate to the March 1, 2021 Stock Purchase Agreement or the March 2, 2021 Amended and Restated Stock Purchase Agreement (see DEF 000067-000072).

**RESPONSE:** Plaintiffs have already produced all of the responsive documents and communications that are not privileged with their initial disclosures. To avoid duplication, Plaintiffs will not re-produce the same documents and communications. To the extent Request No. 15 seeks documents and communications that are privileged under the attorney-client privilege or attorney work product privilege, Plaintiffs object to the Request and refuse to produce any of those documents and communications under those privileges.

REQUEST NO. 16: Produce copies of all documents in your possession, custody, and control not previously identified that relate in any way to the subject matter of this lawsuit.

**RESPONSE:** Plaintiffs object to Request No. 16 as vague, ambiguous, and overly broad. Accordingly, Plaintiffs cannot provide a response to Request No. 16.

DATED June 16, 2023.

*/s/ Alex N. Vandiver*
Erik A. Christiansen
Alex N. Vandiver
PARSONS BEHLE & LATIMER

Christopher Robertson (*pro hac to be filed)*
SEYFARTH SHAW LLP

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I caused a true and correct copy of the foregoing **RESPONSE TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS,** to be served to the parties of record:

Brent O. Hatch
H. Douglas Owens
HATCH LAW GROUP
22 E 100 S Ste 400
Salt Lake City, UT 84111
801-869-1919
hatch@hatchpc.com
owens@hatchpc.com

Adam M. Pace
22 E 100 S Ste 400
Salt Lake City, UT 84111
801-869-1919
pace@hatchpc.com

*Attorneys for Defendants*

*/s/ Alex Vandiver*
Alex Vandiver