# EXHIBIT 12

# SUPPLEMENTAL EXPERT REPORT OF H. SCOTT TUCKER

**Peter Hicks, et al. v. Trevor Milton, et al.**

**Utah District Court, Central Division**

**Submitted September 6, 2024**

APTEGRA

## I. INTRODUCTION

This Supplemental report was prepared at the request of Defendants' counsel to update my report based on my review of new information which was provided to me after the date of my original Expert Report. It describes the process by which data was analyzed and my findings, as well as related opinions.

## II. MATERIALS CONSIDERED

In addition to the data and information listed in my original Expert Report, I have also relied on the following in forming my opinions.

- Forensic Images of Peter Hicks' iPhone and iCloud data collected by Consilio

## III. FORENSIC ANALYSIS

### Examination of Forensic Images of Peter Hicks' iPhone and iCloud data

Subsequent to my June 24, 2024 Expert Report, I received from Consilio a hard drive containing forensic extractions of Peter Hicks' iPhone and iCloud account. It is my understanding that this information was provided to both me and Plaintiff's expert based on a request from Plaintiff's counsel to have Consilio produce it. After calculating and comparing hash values to verify that the data had not been corrupted in transit, I processed the data in Oxygen Forensic Detective and Cellebrite Physical Analyzer – two software products widely used in the digital forensic community.

Both programs gave comparable results, though I have chosen Oxygen's output as the basis for this report. Similarly, when I compared the results of the iPhone versus iCloud extractions,[1] I noticed that, within the scope of my examination, they produced the same results except that the most recent text messages on the iPhone had not yet been backed up to iCloud. For this reason, I used the iPhone data as the focus of my analysis.

Attached as Exhibit D is a report of all the one-to-one text messages between Peter and Lucas Hicks from Peter's iPhone extraction, from 4/1/2020 through 12/18/2023, when the phone was imaged. In preparing this report, I compared and correlated text messages that

[1] There were two iCloud backups collected by Consilio: one from 12/18/2023 and a previous backup from five days before. I examined both backups, which differed only by the last few days of messages. All other message results were comparable among the extractions, with the iPhone being the most complete.

had previously been produced, along with Bates numbers, where applicable. Note that, where the full text of messages was previously produced, they have been retained in this report. Similarly, where messages were marked [REDACTED – ATTORNEY CLIENT PRIVILEGED], they have been designated as such in Exhibit D. Finally, in place of the full text of new messages, they have been marked as <outside search term results>.

Since Exhibit D contains more fulsome information, it supersedes the Table of Texts (which had been prepared by counsel), produced with my Expert Report.

Several observations about Exhibit D are noteworthy, starting with the fact that there are no one-to-one messages at all between Peter Hicks and Lucas Hicks in the time interval 4/1/2020 to 03/05/2021.

**Group Messages with Lucas (Consilio Pivot Table)**

In my initial report, I included and discussed a text message Pivot table I received from Consilio, represented as a breakdown by month of several hundred messages between Peter Hicks and Lucas Hicks from June 2020 to March 2022.

In comparing the results of my forensic analysis with the Consilio Pivot table, I discovered that many of the messages included in the table appeared to be group messages, not one-to-one communications between Peter and Lucas. For example, while the Consilio Pivot table listed dozens of "message threads" (apparently defined as all the texts on a calendar day) and therefore at least that many messages, between June 2020 and March 2021, my analysis indicates that there were *zero* one-to-one messages in that timeframe.

Likewise, all the messages listed in the Pivot table as related to Lucas's gmail account (lucas.r.hicks@gmail.com) after 1/1/2020 were found to be group messages. Thus, while the Pivot table is informative as a high level summary of group messages between Peter and Lucas, I am now relying on my own report of the one-to-one messages from the forensic images of the iPhone data, Exhibit D.

**Many Messages on the iPhone were Prior to July, 2021**

Among my observations in analyzing the forensic image of the iPhone, I noted that there were many one-to-one messages on the iPhone before (and after) July, 2021. In the period from April 2020 through June 2021, there were 5,975 one-to-one messages between Peter Hicks and all other parties. Of those, 4,654 were one-to-one messages during the time from 4/1/2020 to 3/4/2021 when there were no extant one-to-one messages with Lucas Hicks.

In his April 22, 2024 deposition [Vol. 1, p. 99], Peter was asked whether he "ever noted that any text messages with anyone else other than Lucas were missing," to which he replied "No."

It seems that, given the large quantity of text messages on Peter's iPhone, had all messages with other texting partners also gone missing, that their absence would have been noted, which strengthens my opinion that many text messages between Peter and Lucas Hicks were specifically and intentionally deleted.

Also in my Expert Report, I made reference to Plaintiffs' claim that *"After a thorough search of his phone, Plaintiffs have confirmed that no texts between Plaintiffs and Lucas Hicks exist prior to July, 2021."* [ECF No. 51-1 p. 22]

However, as can be seen in rows 1 to 295 in Exhibit D, there *were* messages between Peter and Lucas Hicks on Peter's phone beginning March 5, 2021 through the end of June, 2021 and beyond. It is difficult to understand how nearly 300 messages could be overlooked if an effectual search of the phone had been carried out.

**Estimated Number of Messages Deleted**

In order to refine my opinion regarding deleted text messages, I undertook to analyze the frequency of one-to-one text messages between Peter Hicks and Lucas Hicks. Exhibit E is a breakdown by month of the number of text messages, along with a cumulative total column so the volume can be easily visualized.

Between 3/5/2021 and 12/18/2023 (1,018 days), there were a total of 3,598 messages, an average of 3.53 messages per day.

Assuming for a moment that the frequency with which Peter and Lucas messaged each other was the same before 3/5/2021 as it was after, it follows that since there were no messages at all between 4/1/2020 and 3/5/2021, an interval of 337 days, there were likely about 1,109 (3.53 x 337) messages missing.

Even if the rate increased over time and we only look at the messaging rate for the 12 months from 3/5/2021 to 4/30/2021, 869 messages over 360 days is an average of 2.41 per day. At that rate, the number of missing messages would be about 812.

Thus, a reasonable estimate is that between 800 and 1100 messages are missing between 4/1/2020 and 3/5/2021, and in my opinion, deleted.

Based on the production from Lucas Hicks, some relevant messages are certainly missing, however, since I have not had access to the forensic image of Lucas Hicks phone, it is difficult to render more accurate estimates. Further, I understand that when Lucas Hicks was questioned about it under oath, he invoked his Fifth Amendment right against self-incrimination and refused to answer. Thus, it seems there could well have been other relevant text messages that were withheld.

### All Messages are AppleID

Another noteworthy finding illustrated by Exhibit D is that all of the text messages present on Peter Hicks's phone are between Lucas Hicks' telephone number, (617-833-0431), and Peter Hicks' AppleID, (hicksmgt@aol.com). *None* of the messages are with Peter Hicks' telephone number (339-235-2876).

In my experience, this is unusual, as in all other iPhones I have examined, most text messages are between phone numbers, with AppleID messages being the exception. The absence of *any* conventional phone number to phone number text messages between Peter Hicks and Lucas Hicks raises a question as to whether even *more* messages have been deleted than previously thought.

### Time of Phone Upgrade

In its June 24, 2024 memo on the Peter Hicks Collection, Consilio indicates that the phone was first used in late December, 2022. I have found evidence to support that timeline. For example, in the figure below, the first movie made with the new phone (an iPhone 14 Pro Max) was recorded on January 1, 2023, and the geolocation data places the phone near Port Saint Lucie, FL.




*Figure 1 – Metadata from IMG_0003.MOV on Peter Hicks' iPhone with model number and Coordinates.*

The timing of the phone upgrade is important because Peter Hicks claims he experienced a data loss after dropping his phone in the sand and taking it to an Apple store for an upgrade.

However, a purported data loss incident at the end of December 2022 does not explain why 800 to 1,100 messages (at least) with Lucas are missing prior to 3/5/2021. It also does not explain why all the text messages on the phone are between Peter's AOL email address and Lucas's telephone number, including messages for the 12 months following December 2022 (since the phone was collected on 12/19/2023).

**How Messages are Stored**

As a clarification to the explanation in my Expert Report, of how messages are stored in iOS, the iPhone extraction I examined contained messages in Instagram, in WhatsApp, and native SMS/MMS/iMessage format. Each of Instagram and WhatsApp store their messages in application-specific databases, and SMS/MMS/iMessage data are all stored together in an SQLite database called sms.db.[2] The inclusion of all these message types in one database strengthens my argument that it is extremely unlikely for selected messages to be deleted by random data loss. In my opinion, the loss of ALL one-to-one text messages between Peter and Lucas Hicks in the period of April 2020 through March 5, 2021 is indicative of deletion, not of random data loss occurring at the end of 2022.

## IV. OPINIONS AND SUMMARY OF FINDINGS

Based on my training and experience, and the tested accuracy of the software that I used, and the reliable examination processes I followed, I express the following opinions:

Consistent with the opinion I expressed in my 6/24/2024 Expert Report, it is my opinion that the missing messages (which includes ALL of the one-to-one messages between Peter and Lucas Hicks between 2020 and 3/5/2021, likely more a thousand, as well as relevant messages post-3/5/2021 that were possibly deleted since we do not know if the set produced by Lucas was complete) were selectively and intentionally deleted.

To the extent additional information is provided regarding the missing messages, I reserve the right to respond to such claims and provide additional information.

Respectfully submitted,

[signature]

______________________________

H. Scott Tucker

[2] This explanation supersedes footnote 8 in the original Expert Report.