# Exhibit

# 3

Erik A. Christiansen, USB #7372
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
EChristiansen@parsonsbehle.com
ecf@parsonsbehle.com

Christopher Robertson (*pro hac vice*)
**SEYFARTH SHAW LLP**
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone: 617-946-4989
Facsimile: 617-790-6774
crobertson@seyfarth.com

*Attorneys for Plaintiffs PETER HICKS, HICKS, LLC, and WASATCH HICKS, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PETER HICKS; HICKS, LLC; and WASATCH HICKS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TREVOR R. MILTON; M&M RESIDUAL, LLC; and T&M RESIDUAL, LLC,<br><br>Defendants. | **AFFIDAVIT OF PETER HICKS**<br><br>Case No. 2:22-cv-00166<br><br>Judge: Hon. Howard C. Nielson, Jr<br><br>Magistrate Judge: Hon. Daphne A. Oberg |

I, Peter Hicks, declare as follows:

1. I have reviewed Defendants' Motion for Spoliation Sanctions re: Plaintiffs' Intentional Destruction of Evidence (the "Motion"), including its accusations that I intentionally deleted text messages on my cell phone between me and my son Lucas.

2. Those allegations are entirely untrue. I never intentionally deleted any messages between me and my son from my cell phone.

3. I do not know why some of the text messages went missing from my phone. I have a limited understanding of cell phone technology, however I brought my old cell phone to a cell phone store in the Stuart Florida area after I dropped the phone in the sand and it started

malfunctioning. While at the store, I asked to purchase a new phone and to have the information from my old phone transferred to the new phone, as I have neither the knowledge nor experience to do the transfer myself. It is my understanding that the employee at the store performed such a transfer.

4. Other than the incident where the information from my old phone was transferred to my new phone, I do not recall anything else that could have caused any of the text messages from my phone to be deleted. But I am certain that I did not intentionally delete any messages with Lucas from my phone.

5. During the course of this case, I made my phone, computer, email accounts, and cloud-based accounts available for inspection by the Defendants. I understand that through that process, my attorneys produced more than 13,000 documents.

6. I did not attempt to delete any files from my computer or cloud based accounts, or delete any emails from my email account to prevent information from being produced to the Defendants.

7. I did not ask Lucas, or anyone else, to delete or conceal any communications with me about the Defendants, the sale of the Wasatch Creeks Ranch to Trevor Milton, or anything else.

8. Between my productions and Lucas's production in response to the subpoena he received from the Defendants, I believe that all relevant communications regarding the sale of the Wasatch Creeks Ranch and my interactions with Trevor Milton have been made available to the Defendants. I am not aware of any communication that is unavailable from either me or Lucas.

I declare under penalty of perjury that the foregoing is true and correct and that this affidavit was executed on December 23, 2024, in Milton, Massachusetts.

Peter Hicks

Peter Hicks